## TAMARA S. STOECKER AND OTHERS, MINORS, BY THEIR MOTHER AND NATURAL GUARDIAN, DIANE STOECKER EIDE, AND ANOTHER v. CHESTER J. MOEGLEIN.

129 N. W. (2d) 793.

July 24, 1964—No. 39,291.

*Walter F. Mondale,* Attorney General, and *William E. Fox,* Special Assistant Attorney General, for appellant.

*Allen H. Aaron,* for respondents.

OTIS, JUSTICE.

The plaintiffs bring this action against the adjutant general of the State of Minnesota to recover compensation arising out of the death in line of duty of a National Guard officer. The defendant appeals from a judgment of the district court granting plaintiffs benefits in the sum of $17,500 plus a penalty of $4,375.

The decedent, Arnold T. Stoecker, was acting as a second lieutenant in the 47th Aviation Company of the Minnesota National Guard when he was killed in an airplane accident at Camp Ripley on June 16, 1960. He left as dependents his widow, Diane Stoecker Eide, since remarried, and four children, Tamara S. Stoecker, Lorna G. Stoecker, Jeffrey A. Stoecker, and Bradley Putnam. Following the death of Lieutenant Stoecker his dependents began receiving compensation from the Federal government, but no demand for state benefits was submitted to the adjutant general until March 28, 1963. At a conference with plaintiffs' counsel on that date defendant demurred to the request that he approve benefits which did not take into account those being received from the Federal government. In accordance with the invariable practice of his office, the defendant directed plaintiffs to the claims committee of the state legislature, then in session. Subsequently bills passed both houses of the legislature granting plaintiffs benefits in the sum of $17,500, but thereafter the awards were eliminated by a legislative conference committee.

At the request of the chairman of the senate finance committee, the attorney general on April 23, 1963, rendered an opinion, No. 310h-3, defining the plaintiffs' right to compensation and stating, among other things, as follows:

"* * * The minor children are entitled, as a matter of law, to compensation in the amount provided by the workmen's compensation laws of this state notwithstanding any payments to the widow or children by virtue of social security law or any other federal law.

"These sections were first adopted in 1921 and amended in their present form in 1927 prior to the passage of any federal legislation providing for compensation in these instances and have not been amended or repealed since. We believe these sections to be mandatory. We

find nothing in the present law which prohibits payment where some compensation is also provided by federal law."

This action was begun May 17, 1963, and on May 23, 1963, Minn. St. 1961, c. 192, was amended by L. 1963, c. 854, § 1, which added a new section, Minn. St. 192.391. That section provides:

"Any payments made to a member of the national guard, his dependent widow, minor children or parent under any law of the United States of America arising out of the injury or death for which a claim for compensation is made against the state of Minnesota under Minnesota Statutes 1961, Sections 192.38 or 192.39, except payments under the federal social security act or the federal government life insurance program for members of the armed forces, shall be deducted from any payments made pursuant to said sections 192.38 or 192.39."

Section 2 of c. 854 provides:

"Section 1 applies to all claims past, present, and future arising under Minnesota Statutes 1961, Sections 192.38 or 192.39, except claims now pending before a court."

On August 19, 1963, the court granted plaintiffs' motion for summary judgment, awarding the plaintiffs the maximum benefits authorized by statute plus a penalty of 25 percent which the court held would be payable under Minn. St. 176.225 unless defendant relinquished his right to appeal and caused accrued benefits to be paid by October 25, 1963.

The principal issue is whether under § 192.39 the payment of benefits to plaintiffs is mandatory or a matter of discretion with the adjutant general. The defendant takes the position that the language of § 192.39 is permissive; that the administrative practice of long standing is to refer such claims either to the legislature or the claims commission pursuant to § 3.74(6); that the act is intended only to supplement Federal benefits; and that his department is without sufficient appropriations to pay such claims out of its biennial budget.

The applicable statutes are as follows:

Section 192.38.   "If any officer or enlisted man of the National

Guard is wounded, or otherwise disabled, while doing duty as a member of the military force, he *shall* receive from the commonwealth just and reasonable relief, in amount to be determined by the adjutant general and approved by the governor. All such payments under this or the next following section shall be made from the appropriation for the maintenance of the National Guard." (Italics supplied.)

Section 192.39. "Compensation, payable quarterly, *may* be paid, under orders of the governor, to either the dependent widow, minor children, or parent of any member of the military forces who may die from disease contracted or injuries received or who may be killed while in active service. All claims for compensation under this section shall be acted on by the adjutant general. In all cases arising under this section, the amount allowed and the duration of the payment shall be that provided by the workmen's compensation law as now or hereafter in force based on the member's usual earnings in civil life. If there be no evidence of previous occupation or earnings, compensation shall be based on the member's earnings as a soldier." (Italics supplied.)

While it is true that the canon of interpretation found in § 645.44, subd. 15, treats the word "may" as permissive, that statute is not conclusive on the court.[1] It seems unlikely the legislature meant § 192.38 governing compensation for disability to be mandatory, and death benefits under § 192.39 to be payable only at the discretion of the adjutant general. As we construe § 192.39, the word "may" is intended to apply to the manner of distribution and not to the determination of whether benefits are in fact payable.

Administrative practice even of long standing must yield to the plain meaning of a statute unless some contrary intention is indicated by legislative action or inaction.[2] In the instant case the fact that shortly after the attorney general rendered an opinion stating that the provisions of § 192.39 were mandatory, the legislature dealt with that

[1] State ex rel. Sawyer v. Mangni, 231 Minn. 457, 463, 43 N. W. (2d) 775, 779.

[2] Knopp v. Gutterman, 258 Minn. 33, 41, 102 N. W. (2d) 689, 695. Cf. Minn. St. 645.16(8).

section and left it unchanged except for the amendment referred to, strongly supports plaintiffs' position that the legislature intended to adopt the attorney general's interpretation of the statute.[3]

The defendant's contention that § 192.39 indicates a legislative intent that Federal benefits be deducted from payments due under § 192.39 is not persuasive in light of the fact that our statute was adopted prior to the time the Federal laws were enacted.[4] The fact that L. 1963, c. 854, requires Federal benefits to be deducted from all claims made *subsequent* to its enactment lends considerable weight to the argument that the legislature did not intend to give the adjutant general any discretion to make deductions in connection with claims made prior to that time.

Nor are we impressed by the argument that the budget of the National Guard did not anticipate such payments. We do not believe the legislature intended the rights of beneficiaries to be fixed on a case-by-case basis according to the appropriations available to the National Guard at any particular moment. We therefore hold that the payment of benefits accruing to the dependents of a National Guard officer killed in line of duty is mandatory under § 192.39.

The statute directs the adjutant general to act on such claims, and we construe this to mean that the adjutant general shall, among other things, determine whether the death occurred in line of duty; whether decedent left dependents and, if so, their identity; and the amount and duration of compensation due the survivors under the provisions of the Workmen's Compensation Act.

The trial court found that the defendant's failure to authorize the payment of benefits to plaintiffs within the time specified entitled them to a 25-percent penalty pursuant to § 176.225. That section may be found in the chapter governing workmen's compensation and reads in part:

"Subdivision 1. Upon reasonable notice and hearing or opportunity to be heard, the commission or upon appeal, the supreme court

---

[3]In re Order of Superintendent of Schools, Nobles County, 239 Minn. 233, 237, 58 N. W. (2d) 465, 468.

[4]10 USCA, §§ 1475 to 1482; 38 USCA, §§ 101(4), 411, 413.

may award compensation, in addition to the total amount of compensation award, of up to 25 percent of that total amount where an employer or insurer has:

\* \* \* \* \*

"(b)  unreasonably or vexatiously delayed payment; \* \* \*."

By virtue of the adjutant general's long-standing administrative practice and the permissive language of the statute itself, we doubt the propriety of assessing a penalty in summary judgment proceedings without according defendant a trial on the issue of whether his delay was unreasonable and vexatious within the meaning of the statute. However, it is not necessary to reach that question in view of our opinion that § 176.225 has no application to claims of this kind. Section 192.39 does not incorporate by reference the entire Workmen's Compensation Act but only uses the act as a yardstick for determining death benefits. Section 645.27 provides:

"The state is not bound by the passage of a law unless named therein, or unless the words of the act are so plain, clear, and unmistakable as to leave no doubt as to the intention of the legislature."

We hold that § 176.225 does not apply to the adjutant general and the state, notwithstanding the fact that the state is treated as an employer within the meaning of the Workmen's Compensation Act. § 176.011, subd. 10. The purpose of the penalty provision is to deter private employers and liability carriers from pursuing dilatory tactics, and it should not be extended to the state itself in the absence of a clear directive by the legislature. Significantly the penalty may be imposed only by the Industrial Commission or the Supreme Court, and the statute grants no such authority to the district court. It was therefore error to include in the judgment of the lower court a penalty of 25 percent.

Although the judgment failed to make provision for decedent's minor child, Bradley Putnam, plaintiffs assert that no prejudice resulted because he had no claim pending at the time § 192.391 was adopted and hence is entitled to no state benefits after Federal benefits have been deducted. We do not subscribe to this position and hold that a claim made on behalf of any of decedent's dependents, asserted prior

to the adoption of the act, is sufficient to preserve the rights of all those who may, by appropriate administrative action, be found to have been dependents at the date of death. Hence it was error not to include provision for Bradley Putnam in the judgment of the lower court. The matter is therefore remanded for a determination of the amount to which he is entitled and shall be computed without deducting any of the Federal benefits he is now receiving.

In revising the distribution of benefits to include Bradley Putnam and to eliminate the penalty of 25 percent, the trial court shall modify the judgment to provide for a lump-sum payment of only so much of the compensation as has now accrued, and it shall direct future payments to be made in installments over the period the present beneficiaries remain dependent, in the manner specified by the Workmen's Compensation Act.

Remanded with directions.