RACHELLE BAUER HALVERSON, A MINOR,
BY HER MOTHER AND NATURAL GUARDIAN,
GENEVRA BAUER HALVERSON, AND ANOTHER v.
KARL ROLVAAG AND ANOTHER.

143 N. W. (2d) 239.

June 3, 1966—No. 40,396.

*Robert W. Mattson,* Attorney General, and *Fred C. Norton,* Assistant Attorney General, for appellants.

*Shanedling, Phillips, Gross & Aaron* and *Delroy J. Gorecki,* for respondents.

*O. C. Adamson II,* for National Guard Association of the State of Minnesota, amicus curiae.

SHERAN, JUSTICE.

Appeal from a judgment entered pursuant to an order granting plaintiffs' motion for summary judgment.

Action was commenced on January 12, 1965, by Genevra Bauer Halverson in her own behalf and as the natural guardian of Rachelle Bauer

Halverson, a minor, to recover compensation under Minn. St. 1961, §§ 192.38 and 192.39,[1] for the death of their husband and father, Lieutenant Gene C. Bauer, who died on September 25, 1955, as the result of an accident which occurred while he was engaged in active duty as a member of the Minnesota National Guard.

Defendants pleaded the statute of limitations and alleged that the claims were subject to reduction under L. 1963, c. 854, effective May 23, 1963, which provided:

"Section 1. Any payments made to a member of the national guard, his dependent widow, minor children or parent under any law of the United States of America arising out of the injury or death for which a claim for compensation is made against the state of Minnesota under Minnesota Statutes 1961, Sections 192.38 or 192.39, except payments under the federal social security act or the federal government life insurance program for members of the armed forces, shall be deducted from any payments made pursuant to said sections 192.38 or 192.39.

"Sec. 2. Section 1 applies to all claims past, present, and future arising under Minnesota Statutes 1961, Sections 192.38 or 192.39, except claims now pending before a court."[2]

Plaintiffs moved for summary judgment for the maximum benefits au-

---

[1] Minn. St. 1961, § 192.38, provided in part: "If any officer or enlisted man of the National Guard is wounded, or otherwise disabled, while doing duty as a member of the military force, he shall receive from the commonwealth just and reasonable relief, in amount to be determined by the adjutant general and approved by the governor."

Minn. St. 1961, § 192.39, provided in part: "Compensation, payable quarterly, may be paid, under orders of the governor, to either the dependent widow, minor children, or parent of any member of the military forces who may die from disease contracted or injuries received or who may be killed while in active service. * * * In all cases arising under this section, the amount allowed and the duration of the payment shall be that provided by the workmen's compensation law as now or hereafter in force based on the member's usual earnings in civil life."

[2] It is noted that L. 1965, c. 140, establishes a new procedure for dealing with these claims and repeals both Minn. St. 1961, § 192.39, and L. 1963, c. 854.

thorized by statute claiming that the retroactive application of L. 1963, c. 854, to these claims, though required by its terms, would violate the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution.

The district court ordered summary judgment in favor of Genevra Bauer Halverson as guardian of Rachelle Bauer Halverson in the amount of $13,608.75 plus interest. In its memorandum, the court indicated that it was of the view that no deduction could be made of the Federal benefits because L. 1963, c. 854, could not be applied to claims based upon deaths occurring before its enactment even though no formal claim had been filed until after enactment. The court apparently found that Genevra's individual claim was barred by the 6-year period of limitations imposed by Minn. St. 541.05(2), but that the limitation period on Rachelle's claim had been tolled for at least 5 years under § 541.15(1), and thus had not expired when this action was commenced.

The principal issue raised by this appeal is whether the right to compensation accruing to Rachelle upon the death of her father had "vested" prior to the filing of a claim so that its elimination or reduction by subsequent legislation was violative of due process. A second issue is whether L. 1963, c. 854, if applicable, violates equal protection by providing one consequence for pending claims and another and different consequence for claims not pending, even though the facts upon which each are based arose at the same time.[3]

■ The resolution of the due process question depends largely upon considerations of public policy. The term "vested interest," when used in the constitutional sense to describe the kind of interest that cannot be impaired by retroactive legislation, reflects a determination that justice and equity require that the interest be preserved.[4]

---

[3] The case of Stoecker v. Moeglein, 269 Minn. 19, 129 N. W. (2d) 793, cited as controlling by defendants, is of little aid in deciding these issues since it involved a claim that was pending at the time L. 1963, c. 854, was enacted, and was thus specifically excepted from the operation of the amendment.

[4] See, Rookledge v. Garwood, 340 Mich. 444, 65 N. W. (2d) 785; 16 Am. Jur. (2d) Constitutional Law, § 421; 16 C. J. S., Constitutional Law, § 215, et seq.; 2 Cooley, Constitutional Limitations (8 ed.) p. 745.

Plaintiffs cite as comparable cases dealing with the retroactive application of statutory changes in the workmen's compensation laws. State ex rel. Carlson v. District Court, 131 Minn. 96, 154 N. W. 661; Warner v. Zaiser, 184 Minn. 598, 239 N. W. 761; Skjefstad v. Red Wing Potteries, Inc. 240 Minn. 38, 60 N. W. (2d) 1; Reichert v. Victory Granite Co. 249 Minn. 407, 82 N. W. (2d) 497; Yaeger v. Delano Granite Works, 250 Minn. 303, 84 N. W. (2d) 363. These cases uniformly hold that the rights and liabilities of the parties are fixed at the time of the compensable event, be it injury or death, and may not thereafter be changed by the legislature. The reason generally given for this rule is that the Workmen's Compensation Act is contractual in nature and creates rights which vest at the time the compensable event occurs.

Defendants rely on decisions dealing with the retroactive application of statutory changes in laws providing benefits for government employees. Lynch v. United States, 292 U. S. 571, 54 S. Ct. 840, 78 L. ed. 1434 (discussing pensions, compensation allowances, hospital and other privileges); Halek v. City of St. Paul, 227 Minn. 477, 35 N. W. (2d) 705 (sick leave); Johnson v. State Employees' Retirement Assn. 208 Minn. 111, 292 N. W. 767 (pension); Gibbs v. Minneapolis Fire Dept. Relief Assn. 125 Minn. 174, 145 N. W. 1075 (pension); Slezak v. Ousdigian, 260 Minn. 303, 110 N. W. (2d) 1 (pension); Mattill v. Public Employees Retirement Board, 261 Minn. 371, 112 N. W. (2d) 800 (pension). These cases held that certain benefit plans established by the legislature for public employees and their dependents may be modified or altered retroactively. The rationale is that the pension and employee benefit plans involved are gratuities and, therefore, the employees and their dependents could not obtain a vested interest except as payments become due under the law.

We find it unnecessary to resolve the conflict between these cases or to characterize the present case as more analogous to one group than the other. We hold that due process does not prevent the application of L. 1963, c. 854, to a claim based upon a death that preceded its enactment where, as here, no claim was made until after enactment and there is no showing that the decedent was induced by the existence of benefits under §§ 192.38 and 192.39 to either enter or continue membership in the Min-

nesota National Guard. This result does no violence to principles of justice and equity since the only effect of the application of L. 1963, c. 854, is to prevent double recovery.

█ Equal protection of the law requires that legislative classifications be founded upon some real and substantial difference bearing a fair relationship to the legislation so that the law operates equally and uniformly on all persons similarly situated.[5]

Having in mind that the effect of L. 1963, c. 854, is merely to prevent the payment of double benefits, we hold that the distinction it makes between pending claims and claims not pending is not unreasonable, arbitrary, or discriminatory. Limitations based upon the time that a claim is filed or an action commenced are common and are generally approved as reasonable classifications.[6] We think that the legislature could reasonably decide to exclude from the operation of the reducing statute those few claims that had already been filed in reliance upon the prior law without any injustice to others whose claims had not been filed.

Reversed.

---

[5] See generally, 16 Am. Jur. (2d) Constitutional Law, § 494, et seq., and 16A C. J. S., Constitutional Law, § 505.

[6] See, 16 Am. Jur. (2d) Constitutional Law, § 512, and 16A C. J. S., Constitutional Law, § 560.