## LEVI C. TELLE v. NORTHFIELD IRON COMPANY AND ANOTHER.

153 N. W. (2d) 270.

September 22, 1967—No. 40,333.

130

*Hansen & Hazen, Wayne P. Dordell,* and *Gene P. Bradt,* for relators.
*Robins, Davis & Lyons, Arnold M. Bellis,* and *Stanley E. Karon,* for respondent.

OTIS, JUSTICE.

Employer, Northfield Iron Company, and insurer, Hardware Mutual Casualty Company, seek review of an order of the Industrial Commission which grants employee, Levi C. Telle, compensation for permanent total disability without allowing any credit for amounts which he receives, or is eligible to receive, from the Federal government under the Social Security Act. The issue is which of the following three interpretations of the Federal act and the state Workmen's Compensation Act governs: (1) The disallowance of any credit for Federal disability or old age benefits against the insured's payments to the employee; (2) the allowance of a credit for old age benefits for which the employee became eligible at 62 but which he did not elect to receive; or (3) the allowance of a credit for the Federal disability payments he actually received.

The facts are not in dispute and have been set forth in the stipulation of the parties. On August 18, 1955, Telle sustained an injury which arose out of and in the course of his employment with Northfield Iron Company. It totally and permanently disabled him. He received $40 a week from the date of his injury. The aggregate amount of these payments reached $18,000 in April 1964. Beginning in July 1957 he received an additional $111 a month as disability benefits under an amendment to the Federal Social Security Act.[1] Telle became eligible for

---

[1] 42 USCA, § 423.

Federal old age insurance benefits in the sum of $88.80 a month on his 62nd birthday, September 9, 1964. However, since he was not entitled to both old age insurance and disability benefits, he did not elect to receive the lesser amount but continued to receive the $111 a month disability benefits.

Although our compensation law originally had a ceiling of $18,000 for permanent and total disability, it was amended in 1953 to provide that benefits could continue in excess of that amount, subject to the following limitation (Minn. St. 176.101, subd. 4):

"* * * This compensation shall be paid during the permanent total disability of the injured person but if the employee is eligible for old age and survivors insurance benefits, such benefits shall be credited on the compensation benefits payable under this subdivision after a total of $18,000 has been paid."

The insurer deducted from the $40 a week the entire $111 which Telle received from the Federal government on the theory that Minn. St. 176.101, subd. 4, evinces a legislative intent to give credit not only for old age benefits but for any subsequent benefits conferred under the Social Security Act, including disability benefits. The employee, on the other hand, argues that he was not eligible for old age benefits at 62 years of age because he was already receiving disability benefits. They continued until he became 65 when they were automatically converted to old age benefits in a like amount. Hence the employee contends that no credit could be taken by the insurer until the employee reached the age of 65. In addition, it is the position of the employee that under our decision in Durant v. Butler Brothers, 275 Minn. 487, 148 N. W. (2d) 152, part of the $18,000 he received was for temporary total disability, and therefore he has not yet been paid the full amount of $18,000 for permanent total disability required by § 176.101, subd. 4.

The Industrial Commission ordered the employer-insurer to pay the employee the full amount of $40 a week, retroactive to April 1964, without any deduction either for payments made or those for which the employee was eligible under the Social Security Act. In an opinion accompanying the order, the commission pointed out that § 176.101,

subd. 4, was adopted in 1953 and that Federal disability payments were authorized in 1957. The commission construed § 645.31, relating to the effect of amendatory and reference laws,[2] as not affecting rights fixed by law as of the date of injury. The commission noted that in six sessions of the legislature it had not amended the statute to include disability benefits as a credit against compensation payments. We agree with this construction of the statutes and hold that the language of § 176.101, subd. 4, limits the credit to old age and survivor benefits. We do not find any legislative intent to embody the entire subchapter of the Social Security Act dealing with both disability benefits and old age benefits. If § 645.31, subd. 2, were applicable, we would have some doubts as to its retroactive effect but do not find it necessary to decide that issue since, in our opinion, a contrary legislative intent is clear.[3]

■ We are not in accord with that part of the commission's decision which holds that when the employee failed to exercise his right to receive old age benefits at the age of 62 in September 1964 he was not "eligible" to do so within the meaning of § 176.101, subd. 4. The commission reasoned that the employee was removed from the labor market by an involuntary disability rather than by voluntary retirement and could not be required to convert his disability benefits to old age benefits at an amount reduced from $111 to $88.80 a month. The issue as we see it, however, is not whether the employee could be compelled to make the election but whether the statute contemplated that when he was eligible the insurer should have credit from that date. The meaning of the word "eligible" seems so obvious[4] that we do not feel moved to labor the matter beyond observing that the 1953 amendment of § 176.101, subd. 4, conferred additional and continuing benefits on the injured employee after he had received $18,000. It was, therefore, the prerogative of the legislature to attach any conditions which seemed equitable, in-

---

[2] Minn. St. 645.31, subd. 2, provides as follows: "When an act adopts the provisions of another law by reference it also adopts by reference any subsequent amendments of such other law, except where there is clear legislative intention to the contrary."

[3] §§ 645.21 and 645.16.

[4] State v. Jansen, 207 Minn. 250, 254, 290 N. W. 557, 559.

cluding some adjustment for double payment, both Federal and state. We do not agree that the employee had a vested right to receive the $40 a week, free from any credit for old age benefits until he was 65, simply because at the time of his injury the Federal law did not make him eligible to retire at 62. The vesting rule applied in Halverson v. Rolvaag, 274 Minn. 273, 276, 143 N. W. (2d) 239, 241, does not govern where benefits are increased.

Finally, with respect to the question of whether the Durant case requires a holding that the employee has not yet received $18,000 for permanent total disability, we point out in fairness to counsel that the stipulation of the parties did not contemplate our holding in Durant since that decision had not then been handed down. Consequently, the case was litigated on a stipulation that the employee had received the full $18,000 for permanent and total disability, and that issue was not raised before the Industrial Commission. We therefore do not feel obliged to consider it for the first time on appeal. Lappinen v. Union Ore Co. 224 Minn. 395, 407, 29 N. W. (2d) 8, 17.

The matter is reversed and remanded with directions to modify the order of the Industrial Commission by crediting the employer-insurer with the sum of $88.00 per month from September 9, 1964, (the date of the employee's 62nd birthday) until September 9, 1967, when he attained the age of 65 years and his disability benefits automatically converted into old age and survivor's insurance benefits.

Reversed and remanded with directions.