Denise K. FOREMAN, as Next Friend of Brandon Fromme and Clayton Fromme, Minor Children, Appellant,

v.

SECURITY INSURANCE COMPANY OF HARTFORD, Appellee.

No. 06–99–00129–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 7, 2000.

Decided March 9, 2000.

Lennon C. Wright, Sandra N. Eidson, Law Office of Lennon C. Wright, Houston, for appellant.

Loren R. Smith, Hughes, Watters & Askanase, LLP, Mark T. Curry, Hughes Watters & Askanase, C. Mark Murrah, Michael A. Gentry, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

This is an appeal from a judgment of the district court affirming a decision of the Workers' Compensation Commission appeals panel refusing Denise Foreman's request to redistribute workers' compensation benefits. We affirm the judgment.

John H. Foreman, a pipefitter for Northwestern Steel and Wire Company, was killed in a work-related accident on April 30, 1995. Northwestern carried workers' compensation insurance with Security Insurance Company of Hartford. Security paid benefits to Foreman's wife, children, and stepchildren for $2,500.00 funeral expenses and a weekly payment of $472.00, with one-half going to Foreman's wife, Denise K. Foreman, and one-half divided equally among Foreman's natural children, Whitney Foreman and John Nicholas Foreman, and his two stepchildren, Brandon Fromme and Clayton Fromme. After Foreman died, a natural child, John H. Foreman II, was born, who also became eligible for workers' compensation benefits. Thus, the five children each received one-fifth of one-half of the weekly benefits.

Denise Foreman filed a wrongful death suit against Northwestern and others. Included as plaintiffs in that case were all of John Foreman's natural children. Because Brandon and Clayton, the stepchildren, were not statutory beneficiaries under the Wrongful Death Act,[1] they were not parties to the suit. On October 3, 1997, the suit was settled for $3,950,000.00. After attorneys' fees and expenses, Denise Foreman received $1,553,745.92, and each child who was a plaintiff received $326,079.61. As a part of this settlement, the plaintiffs and Security, which had intervened, entered into an agreement pursuant to Tex.R. Civ. P. 11, by which Security was reimbursed for all of its compensation pay-

ments to the Foremans, and in which it was declared that payments in the settlement of the third-party action were "of such size that Security Insurance will not be obligated to pay any[ ]more benefits to Denise K. Foreman [and other named minor children]."

■ Denise Foreman's position is that as a result of the third-party settlement, she and the named minor children have become "ineligible" for workers' compensation benefits and, therefore, Brandon and Clayton Fromme are now entitled to receive the entire amount of compensation payments from Security, pursuant to the redistribution provided in Section 408.184 of the Texas Labor Code.

The applicable statutes are as follows:

Tex. Lab.Code Ann. § 408.181 (Vernon Supp.2000):

(a) An insurance carrier shall pay death benefits to the legal beneficiary if a compensable injury to the employee results in death.....

Tex. Lab.Code Ann. § 408.182 (Vernon 1996):

(a) If there is an eligible child or grandchild and an eligible spouse, half of the death benefits shall be paid to the eligible spouse and half shall be paid in equal shares to the eligible children.....

. . . .

(f) In this section:

(1) "Eligible child" means a child of a deceased employee if the child is:

(A) a minor;

(B) enrolled as a full-time student in an accredited educational institution and is less than 25 years of age; or

(C) a dependent of the deceased employee at the time of the employee's death.

. . . .

(3) "Eligible spouse" means the surviving spouse of a deceased employee

---

1. Tex. Civ. Prac. & Rem.Code Ann. § 71.004(a) (Vernon 1997) provides that the wrongful death action "is for the exclusive benefit of *the surviving spouse, children, and parents of the deceased.*"

unless the spouse abandoned the employee for longer than the year immediately preceding the death without good cause, as determined by the commission. TEX. LAB.CODE ANN. § 408.184 (Vernon 1996):

> (a) If a legal beneficiary dies or otherwise becomes ineligible for death benefits, benefits shall be redistributed to the remaining legal beneficiaries as provided by Sections 408.182 and 408.183.

The purpose of the Rule 11 agreement was to confirm stipulations relating to the workers' compensation interests in the settlement funds of that case. According to the agreement, the plaintiffs were to reimburse Security its first-money lien of $50,044.95 out of the settlement proceeds. The settlement paid to plaintiffs would be considered as an advance on the workers' compensation claim pursuant to TEX. LAB. CODE ANN. § 417.002(b) (Vernon 1996). Further, the agreement provided that the advance was of such size that Security would not be obligated to pay any more benefits to Denise K. Foreman, Whitney Foreman, John Harris Foreman II, or John Nicholas Foreman.

Foreman's position is that because the advance from the third-party action settlement is sufficient to cover all future compensation payments to Denise Foreman and the minor children, these beneficiaries are no longer "eligible" for death benefits as provided in Section 408.184(a), and that the two remaining death benefit beneficiaries who were not parties to the wrongful death action constitute "remaining legal beneficiaries" entitled to receive all of the $472.00 weekly payments, instead of the one-fifth of one-half of the amount they are now receiving. Security's position is that Denise Foreman and the minor children remain "eligible" beneficiaries, as defined in Section 408.182(f)(1), (3), and that the payment of an advance that merely satisfies all of the compensation carrier's financial obligations to them does not make the spouse and minor children ineligible as provided by the statute.

The status of a beneficiary under the Workers' Compensation Act is determined as of the date of the worker's death. *Freeman v. Texas Compensation Ins. Co.*, 603 S.W.2d 186, 190 (Tex.1980); *Texas Employers' Ins. Ass'n v. Tobias*, 669 S.W.2d 742, 745 (Tex.App.-San Antonio 1983, writ ref'd n.r.e.). The rationale for permitting subrogation of workers' compensation payments is to prevent double recoveries by injured employees, while permitting carriers to recover some of their disbursements, thus keeping rates lower. *Hartford Cas. Ins. Co. v. Albertsons Grocery Stores*, 931 S.W.2d 729, 734 (Tex.App.-Fort Worth 1996, no writ); *see also Capitol Aggregates, Inc. v. Great Am. Ins. Co.*, 408 S.W.2d 922, 924 (Tex.1966). Under the statute formerly in effect, an employee injured by a negligent third party could choose one of two remedies: he could make a claim for compensation benefits under the statutes, or he could bring an action against the third-party tortfeasor. If, however, after receiving compensation benefits, the employee (or the compensation carrier under a right of subrogation) proceeded and recovered against the third party, the carrier was entitled to be reimbursed for its payments and costs, and any excess recovery would go to the injured employee. *Fort Worth Lloyds v. Haygood*, 151 Tex. 149, 246 S.W.2d 865, 867-68 (1952). In fact, the employee or his representative had no right to any of the funds recovered until the carrier was paid in full. *Capitol Aggregates, Inc. v. Great Am. Ins. Co.*, 408 S.W.2d at 923.

The current statutes do not require the employee to elect between workers' compensation benefits and a third-party action. But they still provide for the compensation carrier's right of subrogation to the extent of any benefits paid or costs it incurs. The current statutes further expressly provide that any amount recovered in excess of the required reimbursement is treated as an advance against future compensation bene-

fits. TEX. LAB.CODE ANN. § 417.001 (Vernon Supp.2000), § 417.002(b) (Vernon 1996); *Texas Workers' Compensation Ins. Fund v. Travis,* 912 S.W.2d 895, 898 (Tex. App.-Fort Worth 1995, no writ).

We must determine the meaning of "eligible" as used in the statutes. Eligible is usually defined as "[f]it and proper to be selected or to receive a benefit." BLACK'S LAW DICTIONARY 538 (7th ed.1999). In construing the term with reference to eligibility for insurance or governmental benefits, courts have taken various positions. Some courts have defined eligible in terms similar to "status," without regard to actual receipt of benefits. For example, in *Telle v. Northfield Iron Co.,* 278 Minn. 129, 153 N.W.2d 270 (1967), the employer sought review of an order of the State Industrial Commission granting the employee compensation for total and permanent disability without giving the employer credit for federal payments to which the employee was entitled but did not exercise his right to receive. The Minnesota Supreme Court held that eligibility of the employee for federal benefits, to which the employer and insurer were entitled to be credited, was determined by whether the employee *had a right* to these benefits, not whether the right was *exercised* by the employee. *Telle v. Northfield Iron Co.,* 153 N.W.2d at 272.

In the context of whether an individual was eligible for unemployment compensation benefits, the Pennsylvania Commonwealth Court defined as "eligible for benefits" persons whose work and earnings entitle them to receive unemployment compensation. The court further defined "qualified" as being persons who, being eligible, will receive compensation because their separation from their employers were under circumstances that the applicable law did not declare to be disqualifying. *Pataki v. Commonwealth, Unemployment Compensation Bd. of Review,* 85 Pa.Cmwlth. 560, 483 A.2d 581, 582 (1984). According to the reasoning of these cases, eligibility is determined solely by whether the individual meets the applicable criteria for receipt of benefits, not by whether the benefits are actually received.

On the other hand, in *Kuntz v. Reese,* 785 F.2d 1410 (9th Cir.1986), the Ninth Circuit Court of Appeals was called on to review the trial court's dismissal of an action by former employees against a pension plan administrator for breach of fiduciary duty under ERISA. *Kuntz v. Reese,* 785 F.2d at 1411. In an opinion on rehearing, the Court of Appeals decided that, because the claimants were former employees *whose pension benefits had already been distributed,* they had no standing. The court said:

> Former employees who have neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits simply do not fit within the "may become *eligible*" language of [29 U.S.C.] § 1002(7).

785 F.2d at 1411 (emphasis added). Under this definition of eligibility, an individual having already received all the benefits to which he is entitled becomes ineligible as a beneficiary.

Texas courts are required to construe terms in accordance with their *statutory* definitions. *Transport Ins. Co. v. Faircloth,* 898 S.W.2d 269, 274 (Tex.1995). The statutory definitions of eligible spouse and children quoted above define eligibility in terms of marital status, age, or dependency. TEX. LAB.CODE ANN. § 408.182(f)(1), (3). We think these statutory definitions are in accord with the reasoning employed by the Minnesota and Pennsylvania decisions, i.e., whether a person is eligible to receive benefits is determined solely by whether the individual meets the applicable requirements, not by whether the benefits are actually received. Adopting the reasoning of the Pennsylvania court in *Pataki,* an eligible spouse and child may not be qualified or entitled to receive any further benefits, but their status as eligible to receive benefits does not change.

Foreman cites *Blankenship v. Highlands Ins. Co.,* 594 S.W.2d 147, 151 (Tex. Civ.App.-Dallas 1980, writ ref'd n.r.e.), in support of her argument. That case holds that the Texas statute fixes the compensation carrier's liability at a percentage of the weekly wage. In that case, however, the issue was the distribution of benefits on the remarriage of the surviving spouse. *Blankenship v. Highlands Ins. Co.,* 594 S.W.2d at 148. Under TEX. LAB.CODE ANN. § 408.183(b) (Vernon 1996), remarriage is one of the bases on which a wife is made ineligible to continue to receive unlimited weekly payments of death benefits. There was no issue in *Blankenship,* as there is in our case, whether or not the remarrying spouse was eligible. Clearly, she had lost her eligibility. *Blankenship* is therefore inapposite.

Foreman also cites *Texas Employers' Ins. Ass'n v. Tobias,* 669 S.W.2d 742, a case involving a worker killed on the job, survived by a spouse and six children. The courts had previously determined that the surviving spouse's claims under the workers' compensation law were barred because she failed to timely file claims.[2] The San Antonio Court of Appeals held that: 1) death benefits vest as of the date of the worker's death; 2) the wife's failure to timely file her claims rendered her ineligible to receive her share of the benefits; 3) the statute provides that on the ineligibility of any beneficiary, the share of benefits previously paid to that beneficiary must be distributed to the remaining eligible beneficiaries; and 4) the surviving children were entitled to redistribution of the share that would have been paid to the surviving spouse. *Texas Employers' Ins. Ass'n v. Tobias,* 669 S.W.2d at 745. That case presents a closer question, because the basis of the surviving spouse's ineligibility was not a basis specifically mentioned in the statute. However, timely filing of notices or claims under the Texas workers' compensation statutes have been held to be *jurisdictional* in nature. *Johnson v. Employers Liab. Assurance Corp.,* 131 Tex. 357, 112 S.W.2d 449, 450 (1938); *Roberts v. Tarrant County Junior College,* 842 S.W.2d 835, 836 (Tex.App.-Fort Worth 1992, writ denied). The court simply lacked the power[3] to adjudicate or enforce any claim she may have had under the statute. It is the same situation, insofar as the court is concerned, as if there were no surviving spouse. TEX. LAB.CODE ANN. § 408.182(c) (Vernon 1996) provides for the distribution of death benefits in such a situation to the surviving eligible children or grandchildren. It should be noted that in a case such as *Tobias,* were the court to rule that the surviving children could not receive redistribution of the benefits to which the surviving spouse would otherwise have been entitled, the effect would be that the compensation carrier would be relieved from paying benefits that had vested at the time of the employee's death. This would be contrary to the basic premise of vesting set forth in the cases cited earlier. We do not find the holding in *Tobias* to be supportive of Foreman's arguments here.

In summary, there is no language in the statute that makes eligibility turn on the question of actual receipt of benefits. Foreman has pointed to no statute or other principle of law, such as the jurisdictional question raised in *Tobias,* that would make a beneficiary ineligible because of having received all benefits that would have been due under the workers' compensation law. The effect of Foreman's position would be contrary to the very principle she cites, i.e., that the amount of the death benefits is vested at the time of the employee's death. Out of the recovery in

2. *See Texas Employer's Ins. Ass'n v. Tobias,* 614 S.W.2d 901 (Tex.Civ.App.-Eastland 1981, writ dism'd).

3. *See* 21 C.J.S. *Courts* § 16 (1990): "The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of plaintiff to relief rather than to the jurisdiction of the court to afford it."

the third-party action, Security was 1) reimbursed its past payments; and 2) credited, under the subrogation law, as having advanced the payments of death benefits that would have otherwise been due to Denise Foreman and the five minor children. The only amounts still due are to Foreman in an amount that vested at the time of the worker's death. Foreman's position would, in effect, increase the vested amount, since Security would be required to pay benefits that it was, under the statute, entitled to consider as having been covered by the third-party settlement. The workers' compensation act was not intended to provide double recoveries. *Estate of Padilla v. Charter Oaks Fire Ins. Co.*, 843 S.W.2d 196, 199 (Tex.App.-Dallas 1992, writ denied).

For the reasons stated, we affirm the judgment.