

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 22, 2004

The Honorable Jane Nelson
Chair, Health and Human Services Committee
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0219

Re: Whether section 285.201, Health and Safety Code, requires a hospital district to provide nonemergency public health services to undocumented persons who are otherwise ineligible for those benefits under federal law (RQ-0178-GA)

Dear Senator Nelson:

You ask whether section 285.201 of the Health and Safety Code requires a hospital district to provide nonemergency public health services to undocumented persons who are otherwise ineligible for those benefits under federal law.[1]

## I.    Background

In 2001, this office was asked whether the Harris County Hospital District was authorized to provide free or discounted nonemergency health care to persons residing within its boundaries, without regard to their immigration or legal status. The opinion noted first that the Federal Personal Responsibility and Work Opportunity Reconciliation Act ("PRWORA"), 8 U.S.C. §§ 1601-41 (2002), provided that "undocumented or illegal aliens are ineligible for state and local public assistance, subject to specific exceptions." Tex. Att'y Gen. Op. No. JC-0394 (2001) at 2. The federal statute "preempts contrary state laws and renders illegal the state and local programs that provide public benefits to aliens contrary to its terms." *Id.* The opinion concluded that, under the present state of Texas law, the federal statute prohibited the Harris County Hospital District from providing free or discounted nonemergency health care to undocumented persons. *See id.* at 4.

Opinion JC-0394 noted, however, that the PRWORA contains an exception authorizing states to provide additional public benefits to undocumented persons:

---

[1]*See* Letter from Honorable Jane Nelson, Chair, Health and Human Services Committee, Texas State Senate, to Honorable Greg Abbott, Texas Attorney General (Feb. 4, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

A state may provide that an alien who is not lawfully present in the United States is eligible for any State or local public benefit for which such alien would otherwise be ineligible under subsection (a) of this section only through the enactment of a State law after August 22, 1996, which affirmatively provides for such eligibility.

8 U.S.C. § 1621(d) (2002). In its regular session, the Seventy-eighth Legislature enacted such a provision:

As authorized by 8 U.S.C. Section 1621(d), this chapter affirmatively establishes eligibility for a person who would otherwise be ineligible under 8 U.S.C. Section 1621(a), provided that only local funds are utilized for the provision of nonemergency public health benefits. A person is not considered a resident of a governmental entity or hospital district if the person attempted to establish residence solely to obtain health care assistance.

TEX. HEALTH & SAFETY CODE ANN. § 285.201 (Vernon Supp. 2004).[2] Your question is whether the enactment of this provision *requires* a hospital district to furnish nonemergency public health benefits to undocumented persons, or, on the other hand, whether it merely *permits* a hospital district to do so. The answer depends upon the meaning of the word "eligibility."

II.      Analysis

A.       The Meaning of "Eligibility"

The word "eligible" has a different meaning from that of "entitled." According to *Black's Law Dictionary*, "eligible" means "fit and proper to be selected or to receive a benefit." BLACK'S LAW DICTIONARY 538 (7th ed. 1999). An "entitlement," by contrast is "an absolute right to a . . . benefit, such as social security, granted immediately upon meeting a legal requirement." *Id.* at 575. Other dictionaries support this definition of "eligible." The *Oxford English Dictionary*, for example, defines "eligible" as "fit or proper to be chosen." V OXFORD ENGLISH DICTIONARY 140 (2d ed. 1989). *Webster's* states that "eligible" means "fitted or qualified to be chosen or elected." WEBSTER'S NEW INTERNATIONAL DICTIONARY 831 (2d ed. 1939). Both of these definitions, like that of *Black's*, seem to accord "eligible" a lesser status than "entitled."

At least one Texas case has distinguished "eligible" from "entitled." In *Foreman v. Security Insurance Co. of Hartford*, 15 S.W.3d 214 (Tex. App.–Texarkana 2000, no pet.), the court, in discussing workers compensation benefits, said that "eligibility is determined solely by whether the individual meets the applicable criteria for receipt of benefits, not by whether the benefits are actually received." *Id.* at 217. Moreover, "an eligible spouse and child may not be qualified or

---

[2]The Seventy-eighth Legislature added two provisions numbered section 285.201 of the Health & Safety Code. The provision at issue here was enacted by Act of June 1, 2003, 78th Leg., R.S., ch. 198, § 2.70(a), 2003 Tex. Gen. Laws 611, 673.

entitled to receive any further benefits, but their status as eligible to receive benefits does not change." *Id.* In *Hughes v. Kerfoot*, 263 P.2d 226 (Kan. 1953), the Supreme Court of Kansas made a similar distinction:

> Webster defines "eligible" as meaning "fitted or qualified to be chosen; legally . . . suitable . . . ." "Eligible" thus expresses the idea of potentiality rather than of realization. It looks to the future and signifies a present qualification to enjoy prospective rights and benefits contingent not only thereon but also upon something else which must be done preliminary thereto. To illustrate, a person must be more than thirty years of age and have practiced law for at least four years to fill the office of district judge. Many lawyers meet these conditions and they are therefore eligible to be district judges, but they cannot fill the office until they have put themselves in the way of securing appointment or election to it.

*Id.* at 229-30; *see also Samuels v. Hite*, 216 P.2d 879, 880 (Cal. 1950) ("eligible" means "capable of being chosen, the subject of selection or choice").

### B.     Legislative History

Legislative history also sheds light on the legislature's intent in enacting section 285.201 of the Health and Safety Code. During the House floor debate on House Bill 2292, Representative Richard Noriega offered Amendment 126, which added the present version of section 285.201. In explaining his amendment, Representative Noriega stated as follows:

> [T]his amendment *allows* local hospital districts to use their local monies, not state dollars, in accordance with federal law.

*Debate on Tex. H.B. 2292 on the Floor of the House*, 78th Leg., R.S. (Apr. 25, 2003) (transcript available from House Video/Audio Dep't) (emphasis added).

Representative Noriega's statement of intent before the full House of Representatives provides convincing evidence that the legislature intended to distinguish the word "eligibility" from that of "entitlement." An undocumented person meets the federal standard: he or she is *eligible* to receive public health benefits. But an undocumented person is not *entitled* to receive those benefits from state funds by virtue of the eligibility language contained in section 285.201 of the Health and Safety Code. And he or she may be *entitled* to receive such benefits from local funds *only* if a particular hospital district permits the use of its funds for that purpose.

We conclude that section 285.201 of the Health and Safety Code permits, but does not require, a hospital district to provide nonemergency public health services to undocumented persons who are otherwise ineligible for those benefits under federal law. We emphasize that we here address the availability of nonemergency health care to undocumented persons only under section 285.201 of the Health and Safety Code.

## S U M M A R Y

Section 285.201 of the Health and Safety Code permits, but does not require, a hospital district to provide nonemergency public health services to undocumented persons who are otherwise ineligible for those benefits under federal law.

Yours very truly,

GREG ABBOTT
Attorney General of Texas


BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee