Tom MAPLES, d/b/a Tom Maples Mans' Shop, Appellant,

v.

Bert KLIMIST, d/b/a Klimist Store Fixture Mfg. Co., Appellee.

No. 7565.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 4, 1964.

Paul M. Branch, Kilgore, for appellant.

Cecil D. Elfenbein, Dallas, for appellee.

FANNING, Justice.

Plaintiff-appellee sued defendant-appellant for breach of a written order for store fixtures and sought a judgment for monetary damages.

Plaintiff-appellee filed a motion for summary judgment as to liability but not as to damages. This motion was contested by defendant-appellant. The trial court granted plaintiff's motion for summary judgment as to liability and ordered the cause to proceed to trial upon the issue as to damages, from which summary judgment defendant-appellant has appealed.

Appellee has filed a motion to dismiss the appeal on the ground that the order entered by the court is not a final judgment, and is not an appealable judgment. Appellee's motion to dismiss is well taken. See Minchen v. Murrah, et al, Tex.Civ.App., 285 S.W.2d 372, writ refused, where it was held that an order granting a summary judgment as to liability for malicious prosecution but reserving for trial the issue pertaining to damages was not a final judgment or an appealable interlocutory order. We quote from said case in part as follows:

"Rule 166–A, Texas Rules of Civil Procedure provides for the very procedure that was had here. Paragraph (a) of said Rule provides that either party may move for summary judgment in his favor for all or any part of his cause of action, and further provides that a summary judgment, interlocutory in character, may be entered on the issue of liability alone, although there is a genuine issue as to the matter of damages. Subsection (d) of said Rule provides that where a case is not fully adjudicated, on such motion the court may specify those facts that appear without substantial controversy, and may direct such further proceedings in the action as are just. Of course

such an order as entered in the case below is an interlocutory order and no appeal lies from an interlocutory order unless provided by law. Rule 166–A does not provide for any such appeal.

"In the notes of Federal Advisory Committee on amended Rule 56, Federal, page 481, V.A.T.R.C.P., there is a discussion as to what is meant by partial summary judgment and whether or not it is appealable. Such discussion and the cases there cited seem to hold that a summary judgment of the character we have before us was not a final judgment, and is not appealable.

"We therefore grant the motion and dismiss the appeal."

Appellee's motion is granted and appellant's appeal is dismissed.