The CITY OF HOUSTON, Appellant,

v.

SOCONY MOBIL OIL COMPANY, Inc.,
Appellee.

No. 15118.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Nov. 16, 1967.

Rehearing Denied Dec. 7, 1967.

·William A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, Joseph G. Rollins, Senior Asst. City, Atty., Houston, for appellant.

William H. Tabb, John A. Berke, Jr., David R. Latchford, Jerome E. Dawkins, Dallas, for appellee.

COLEMAN, Justice.

This is a suit for the damage resulting to real estate from the lowering of the grade of Long Point and Foley Streets by the City of Houston. After appellee secured an interlocutory summary judgment decreeing

liability, the cause was tried to a jury on the question of damages. Based on the jury verdict and the interlocutory summary judgment, the trial court entered a final judgment in favor of appellee.

Appellant contends that the trial court erred in overruling its motion for judgment non obstante veredicto because the evidence established that the City of Houston levied a paving assessment on the property in question and appellee failed to appeal from such assessment in the manner provided by law, and, further, estopped itself from denying that the property was enhanced in value by the paving by paying the assessment, which was based on the enhanced value of the property. By its other point appellant contends that the trial court erred in entering judgment for appellee for the same reasons.

The summary judgment establishing liability was based on the unsworn pleadings of the parties and the answers made to certain requests for admissions of fact. In its petition appellee alleged ownership of certain real property fronting 125 feet on Long Point Road and 125 feet on Old Campbell Road (Foley Street) within the City of Houston. This property was improved by the construction of a modern gasoline service station. In connection with a street improvement program the City of Houston lowered the grade on Long Point Road and Foley Street from two to three feet, thereby destroying all approaches to and entries upon the plaintiff's premises. It was alleged that as a result of the steep grades between the plaintiff's lot and the streets resulting from this work, it is impossible to construct suitable driveways to the filling station and that in order to restore the premises to a suitable condition for use as a filling station it would be necessary to remove all improvements and lower the grade of the lot. The petition alleged damage in the sum of $21,205.00.

In its answer the City of Houston alleged that by Ordinance No. 61–1982 enacted by the City on November 1, 1961, the City Council of the City of Houston determined the necessity for the paving of Long Point Road and of assessing the various abutting property owners, including plaintiff, for this work; that thereafter, and in compliance with law, due notice was given to plaintiff of this paving assessment and opportunity was afforded the plaintiff to protest same and present any claims for damages but, instead, on April 4, 1963 it did voluntarily pay the full amount of the paving assessment assessed against it for net benefits and enhancements to plaintiff's property resulting from such paving; hence, any claim for diminution in market value to its premises which plaintiff might otherwise have had has been expressly waived by said plaintiff.

The plaintiff's unsworn motion for summary judgment was filed on October 21, 1965, and alleged that the attached interrogatories and admissions show that, except for the amount of damages, there is no genuine issue as to any material fact. This motion was set for hearing on November 8, 1965. On this date the City filed its unsworn answer to the motion for summary judgment in which it stated that in addition to the question of damages there remained to be proved other facts in order to establish the liability of the City, and that the burden of proving such facts rested on the plaintiff.

The trial court proceeded to hear the motion and, on November 8, 1965, entered a decree sustaining the motion and ordering that the cause proceed to trial on the sole issue of damages.

After the entry of this decree the plaintiff filed a supplemental petition in answer to certain special exceptions contained in the City's answer. On the 6th day of June, 1966, the special exceptions were heard and the trial court entered an order overruling them with the exception of one bearing on the issue of damages.

The cause proceeded to trial on the issue of damages on November 14, 1966, and a judgment was entered on the 19th day of

**430**

December, 1966, reciting the fact that the issue of liability had been established by the order of the 113th Judicial District Court on November 8, 1965, and setting out the issues on damages together with the answers of the jury. The judgment then decreed that the plaintiff recover the sum of $7,-750.00, representing the difference in the market value of the property immediately before and immediately after the damage.

Appellant presented the matters it relies on for reversal in its motion for judgment non obstante veredicto and in its motion for new trial. In its motion for judgment it alleged that it was entitled to an instructed verdict by reason of the failure to appeal from the special assessment and the subsequent payment thereof. There was no mention of the summary judgment and, of course, no motion to set it aside. In the motion for new trial appellant complained of the failure to grant an instructed verdict; alleged error in submitting the case to the jury, and alleged error in that the court refused its motion for judgment non obstante veredicto. There was no complaint made to the court entering the final judgment that the 113th District Court had erred in entering the partial summary judgment at any stage of the proceeding, unless such complaint can be implied from the recitation in the judgment that the defendant duly excepted and gave notice of appeal.

Appellant has no point in its brief in this Court specifically complaining of the action of the trial court in granting the partial summary judgment. The summary judgment is not mentioned by appellant in its argument under either of the points presented.

During the trial of the damage issue before the jury, the trial court sustained appellee's objection to appellant's proffered evidence concerning the paving assessment. The final judgment incorporated the partial summary judgment and was based thereon.

Rule 166–A, Texas Rules of Civil Procedure, specifically provides that a summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. It is provided that the judgment shall be rendered on the pleadings, depositions, admissions, and affidavits on file, and that no oral testimony shall be received at the hearing. If there is no genuine issue as to a material fact developed on the basis of this evidence, the movant is entitled to a judgment. The rule also provides that when judgment is not rendered on the whole case or for all the relief asked, the trial court shall ascertain if practicable, what material facts exist without substantial controversy and shall set out such facts in an order. On the final trial such facts shall be deemed established and the trial shall be conducted accordingly.

It is the clear purport of this rule to make the issues determined on the motion for summary judgment final. Once an interlocutory summary judgment is entered, the issues decided cannot be further litigated unless the judgment is set aside by the trial court, or unless the summary judgment is reversed on appeal. An interlocutory summary judgment is not appealable until a final judgment is entered disposing of all parties and issues in the cause. Maples v. Klimist, 377 S.W.2d 774 (Tex.Civ.App., Texarkana, 1964).

An appeal from a final judgment, in which an interlocutory summary judgment has been merged, presents an opportunity for an appeal from the summary judgment. If the appeal results in a reversal on points not involved in the summary judgment, that portion of the case decided on summary judgment will not be remanded for a new trial. Coleman v. Hudson Gas & Oil Corporation, 403 S.W.2d 482 (Tex.Civ.App., Beaumont, 1966, ref. n. r. e.).

A question not presented in a point of error, or by argument under the points of error, in appellant's brief, cannot be considered. Lott v. Lott, 370 S.W.2d 463 (Tex. Sup., 1963).

If by liberal construction we may hold that the question of waiver of damages by reason of failure to appeal from the action of the City Council in finding that the street improvements enhanced the value of the property of appellee and levying an assessment, which was paid by appellant, was presented to this Court by appellant's points, we find no merit in the points.

The propriety of the action of the trial court in granting the summary judgment depends on the facts properly before the Court at the time the judgment was entered. The burden was on the movant for a summary judgment, in an action in which the defendant has pleaded an affirmative defense, to demonstrate by evidence that there is no material factual issue upon elements of his claim. He is then entitled to his judgment unless his opponent comes forward with a showing that there is such a disputed fact issue upon his affirmative defense. It is not incumbent upon the plaintiff to incorporate in his pleading allegations which negative the affirmative defense. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1959).

Appellant's points do not challenge the propriety of the summary judgment except insofar as a material question of fact is raised as to the failure of appellee to appeal from the order levying the special assessment and finding that the property was enhanced in value by the street improvements, and insofar as a question of waiver of damage was raised by appellee's action in voluntarily paying the assessment.

There were no affidavits, depositions, or admissions on file as of November 8, 1965, tending to raise issues of fact as to any of these matters. Plaintiff's supplemental petition and brief in support of the petition, filed April 26, 1966, and the admissions of fact filed on March 19, 1966, in response to interrogatories, cannot be considered since the summary judgment was entered prior thereto. For the same reason the evidence introduced at the trial on the bill of exceptions cannot be considered. There was no summary judgment evidence to support the allegations in appellant's answer. Since we are of the opinion that the matters sought to be raised constituted affirmative defenses, appellant had the burden of submitting evidence raising issues of fact with reference thereto. Gulf, Colorado & Santa Fe Railway Co. v. McBride, supra.

The judgment of the Trial Court is affirmed.