Betty Joyce GENTRY, Guardian, Appellant,

v.

The TRAVELERS INSURANCE CO. et al.,
Appellees.

No. 380.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 24, 1970.

Rehearing Denied Sept. 2, 1970.

Don Harris, Harris, Archer, Parks & Graul, Houston, for appellant.

F. Walter Conrad, Baker, Botts, Shepherd & Coates, Ralph Miller, Miller, Gann & Perdue, Houston, for appellees.

BARRON, Justice.

This case is a consolidation of three actions relating to the payment of death benefits under the Texas Workmen's Compensation Act. From a judgment awarding death benefits to the surviving parents, Betty Joyce Gentry, the divorced wife of the deceased, as guardian for their two children who had been adopted by the wife's second husband, has perfected appeal.

Due to the relative complexity of the facts of the case a detailed statement of the events leading to this appeal will be helpful. (1) The deceased, Douglas T. C. Owens, and appellant, Betty Joyce Owens (now Betty Joyce Gentry) were divorced in 1954. (2) At the time of their divorce there had been two children born of their marriage: Anna Maurine and Tommy Gene. (3) Subsequent to the divorce appellant was married to Joe Gentry, and in 1956 the two children of her marriage to Douglas Owens were legally adopted by Joe Gentry, the present husband of appellant. (4) The children have not reached majority. (5) Douglas T. C. Owens was killed in the course of his employment on February 2, 1968. (6) At the time of his death the children were not dependent for support on deceased. (7) The parents of the deceased, Curtis and Maudie Owens,

survived their son. The deceased had no living brothers and sisters dependent on him at the time of his death. (8) On May 17, 1968, the Industrial Accident Board entered an award for death benefits to be paid to the legally qualified guardian of Anna and Tommy Gentry. (9) On May 29, 1968, the Supreme Court of Texas announced its decision in Patton v. Shamburger, 431 S.W.2d 506 (Tex.1968). In that opinion the Supreme Court reversed the Court of Civil Appeals and held that a deceased workman's minor children who had been legally adopted by the second husband of the deceased workman's former wife, were not entitled to workmen's compensation death benefits. (10) On June 12, 1968, The Travelers Insurance Company, compensation carrier for the deceased's employer, requested the Board to reconsider its award to Anna and Tommy Gentry in light of the Patton case. (11) On June 25, 1968, the Board denied this request. (12) The following day Travelers again requested reconsideration of the award and the board received this second request on June 28, 1968. (13) Appellant filed suit in Harris County on June 28, 1968, to mature the May 17th award of the Industrial Accident Board. (14) On July 11, 1968, Travelers was informed by the Industrial Accident Board that the board felt it no longer had jurisdiction of the matter since suit had been filed on the original award as entered. (15) Travelers informed the Board of its dissatisfaction with the Board's award and its intention to seek review of same by a letter dated July 12, 1968, and received by the Board on July 15th. One week later, on July 22, 1968, Travelers brought suit in Harris County against the appellant, deceased's minor children and deceased's parents. In said action Travelers admitted its obligation to pay one full death benefit, brought the Patton case to the court's attention, and requested that it be absolved of any further liability as a result of the death of Douglas Owens. (16) On August 1, 1968, the natural parents of the deceased, Curtis and Maudie Owens, filed a claim with the Industrial Accident Board for workmen's compensation benefits as a result of the death of their son. (17) The Board entered a second full death benefit in favor of the parents on March 28, 1969. (18) Travelers timely appealed this award to the district court of Harris County. (19) The three pending suits pertaining to workmen's compensation benefits arising from the death of Douglas Owens were consolidated, and Travelers tendered the sum of one death benefit under the Workmen's Compensation Act plus interest into the registry of the court. (20) After hearing the consolidated suit on motion for summary judgment the trial court entered judgment on January 26, 1970. In said judgment the trial court set aside the Industrial Accident Board's awards of May 17, 1968, and March 28, 1969. A take-nothing judgment was entered against the minor children of the deceased. The surviving parents of the deceased were held to be the sole legal beneficiaries of the deceased's workmen's compensation death benefits and judgment was accordingly entered by the trial court.

Mrs. Gentry, as guardian of the two minor children, contends on this appeal that the trial court erred in vacating the alleged final and unappealable award of the Industrial Accident Board in favor of the two children, and that the trial court erred in not entering judgment sustaining the Board's award and maturing the entire claim with penalty and attorney's fees.

The law is clear that an award of the Industrial Accident Board, if not appealed in the manner and within the time prescribed by statute, becomes final and unappealable and has the same force and effect as a final judgment of a court. Richards v. Consolidated Underwriters, 411 S.W.2d 436 (Tex.Civ.App.), writ ref.; Art. 8307, Sec. 5, Vernon's Ann.Civ.St. And see Ocean Accident & Guarantee Corporation v. Pruitt, 58 S.W.2d 41, 44–45 (Tex.Comm.App.).

However, on June 12, 1968, after the expiration of the twenty-day period al-

lowed for appeal to the district court, Travelers requested the Board to reconsider its award to the children of the deceased in the light of Patton v. Shamburger, supra. The request was denied on June 25, 1968. The Board received a second request from Travelers on June 28, 1968, and the same day appellants filed suit in the district court of Harris County to mature the May 17th award in favor of the children. The filing of suit in the district court to mature an award of the Board ends the Board's jurisdiction for possible review. Indemnity Ins. Co. of North America v. Sparra, Tex.Civ.App., 57 S.W.2d 892, 1120, writ dism'd. The foregoing is true at least until judicial determination of the issues therein involved. But Travelers relies upon Art. 8306, Sec. 12d, V.A.C.S. as authority for review of the award to the children. That statute permits review and correction only when there has been a change in the workman's physical condition since the first award, and the Board cannot change the original award unless there is a showing of change in an employee's physical condition, fraud, or mistake in connection therewith. Commercial Standard Ins. Co. v. Brock, 167 S. W.2d 281, 286 (Tex.Civ.App.), writ ref., w. o. m.; Independence Indemnity Co. v. White, 27 S.W.2d 529 (Tex.Comm.App.). The above statute is obviously not applicable to this situation where death benefits are involved. In any event there is no fraud shown or claimed in any respect, and the mistake referred to in the above statute must be one of fact and not of law. Estes v. Hartford Accident & Indemnity Co., 46 S.W.2d 413, 417 (Tex.Civ.App.), writ ref.; Commercial Standard Ins. Co. v. Shank, 140 S.W.2d 273, 275 (Tex.Civ.App.), writ dism'd, judg. correct; General American Casualty Company v. Rosas, 275 S.W.2d 570, 573–574 (Tex.Civ.App.), writ ref., n. r. e.; United States Fidelity & Guaranty Co. v. Davis, 223 S.W. 700 (Tex.Civ.App.), no writ hist.; Cone v. Texas Employers' Ins. Ass'n, 251 S.W. 262 (Tex.Civ.App.), no writ hist. The mistake in this case resulted from an alleged change or clarification of the law of this State on May 29, 1968. We hold that the award to the children of the deceased was valid, and the failure of Travelers to perfect its appeal within twenty (20) days after the rendition of said ruling and decision by the Board is fatal to its attempted appeal to the district court. The district court of Harris County had no jurisdiction to set the award aside. Under the plain terms of the statute, whenever irregularities or errors are made in an original award, they must be corrected by an appeal to the district court in the manner and within the time prescribed by statute.

■ Appellants' suit in district court for maturity of their claim can offer Travelers no solace. Such proceeding is collateral to the award, and in such proceeding no attack can be made upon the award except to show that it was void for want of jurisdiction. Texas Employers' Ins. Ass'n v. Neal, 11 S.W.2d 847 (Tex.Civ.App.), writ ref.; General Accident Fire & Life Assur. Corp. v. Hames, 416 S.W.2d 894, 896–897 (Tex.Civ.App.), no writ hist. It will be noted that the names and addresses of both parents of deceased were set forth in appellants' claim before the Board, and no material fact was withheld. We hold that the Board had jurisdiction to make the award to the children whether its action was legally correct or incorrect. Traders & General Ins. Co. v. Boysen, 123 S.W.2d 1016, 1027 (Tex.Civ.App.), writ dism'd, judg. correct; Commercial Standard Ins. Co. v. Austin, 128 S.W.2d 836, 838 (Tex.Civ.App.), writ dismd., judgment correct.

■ The trial court rendered judgment for full death benefits in favor of the parents of the deceased, who timely filed their claim with the Board and were awarded such benefits after the above proceedings. The parents were not notified of the claim of the children, and having no notice they are not bound by the award made on May 17, 1968. They are entitled to full death benefits under the law as it now exists.

Thus, The Travelers Insurance Company under our decision suffers a double recovery against it. A hardship results to the insurance company, but the remedy for such an occurrence does not lie with the courts. See Travelers Ins. Co. v. Price, 111 F.2d 776 (5th Cir. 1940).

The trial court's judgment in favor of Curtis Owens and Maudie M. Owens, the parents, is affirmed; the judgment is reversed and remanded to the trial court on the claim of Betty Joyce Gentry, Guardian of the Estates of Anna Maurine Gentry and Tommy Gene Gentry, both minors, with instructions to set aside its judgment and enter judgment dismissing that suit for want of jurisdiction. We reverse and remand appellants' cause of action to mature the award to the trial court for further proceedings and sever the latter action for trial.