Paul H. FRANKLIN, Appellant,

v.

Dr. C. W. RAINEY et al., Appellees.

No. 19241.

Court of Civil Appeals of Texas, Dallas.

Sept. 13, 1977.

Richard E. Harrison, Nall, Kyle, Harrison & Nall, Sherman, for appellant.

Robert G. Bush, III, Gary J. Campbell, Kennedy, Minshew, Evans, Campbell, Cain & Bamburg, Sherman, for appellees.

AKIN, Justice.

This is an appeal from a judgment sustaining defendants' motion for summary judgment. Summary judgment was granted on the ground that the issues presented by this action were previously adjudicated in a suit brought in 1953 by Donna Rainey against Paul Franklin. Thus, the principal question presented is whether the judgment rendered in 1953 is res judicata or an estoppel by judgment [1] as to the present controversy. We hold that it is neither and reverse and remand.

The material facts and issues in the two suits are as follows. In the prior action, Donna Rainey, plaintiff, brought an action against Paul Franklin, the adjoining landowner, alleging he diverted the natural water course when he constructed a levee and a ditch on the southwest part of his land causing surface and storm waters to flow onto her property. In that suit Rainey further alleged she was forced to build a levee to protect her property from the surface waters unnaturally diverted onto her property. As a result of this diversion she allegedly suffered injury when the land became marshy, partially flooded, and unfit for cultivation. The case was tried to a jury which found among other things that there had been a natural water course

which Franklin had diverted by artificial means and that the diversion was not the proximate cause of Rainey's damage. Accordingly, a take-nothing judgment was rendered on September 23, 1953.

In the present case, Paul Franklin sued Dr. C. W. Rainey, Donna Rainey's successor in title, and his tenant, Ivan Reynolds, for damages and for an injunction, alleging that the ditch and levee which was constructed by Rainey's predecessor in title, had fallen into such disrepair over the years that it was of little or no effectiveness. Franklin further alleged that a natural water course existed across his land and Rainey's land and that when the ditch and levee are properly maintained, they divert the natural flow of water, but because of their disrepair, they no longer do so. Defendants are in the process of restoring the ditch and levee, and plaintiff asserts that if the defendants are allowed to do so, the natural flow of the water will be diverted onto his land, thereby damaging his land. Both defendants filed motions for summary judgment on the basis that the judgment rendered in the case of Donna Rainey against Paul Franklin was res judicata and collateral estoppel on the issues that at one time there had been a natural flow of surface waters and that Franklin or his predecessors in title by artificial means diverted the natural flow onto Donna Rainey's property. Summary judgment was granted on these grounds.

Essentially, Rainey contends that since Franklin had previously interfered with the natural drainage and had diverted it across the Rainey land, as the jury found in the previous litigation, Franklin now has no right to claim damages or to an injunction for Rainey's diversion of water across Franklin's lands. We cannot agree that the prior judgment constitutes res judicata or that the issues determined in that suit collaterally estopped plaintiff here.

1. Although appellant asserts that the trial court erred in predicating its ruling on res judicata, rather than collateral estoppel, the result is the same here. The confusion that may exist has been created by courts using the terms estoppel by judgment and collateral estoppel as synonymous with the term res judicata.

■ The doctrine of res judicata applies only when the following elements exist: identity of parties, issues, subject matter, relief sought and cause of action. *Oak Lawn Preservation Society v. Board of Managers of Dallas County Hospital District,* 539 S.W.2d 167, 169 (Tex.Civ.App.—Dallas 1976, no writ); *Lozano v. Patrician Movement,* 483 S.W.2d 369, 371 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.); *Coulson v. City of San Angelo,* 286 S.W.2d 202, 204 (Tex.Civ.App.—Austin 1956, writ ref'd n. r.e.). Res judicata will operate as a bar only to matters raised or that could have been raised in previous litigation, *Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 642 (Tex.1971); but as to matters that arise subsequently, the prior judgment will not be res judicata. *Fort Worth Stockyards Co. v. Brown,* 161 S.W.2d 549 (Tex.Civ.App.—Fort Worth 1942, no writ). As Justice Calvert said in *Cowling v. Colligan,* 158 Tex. 458, 312 S.W.2d 943, 947 (1958): "The judgment is res adjudicata only of present and not of future conditions." Here, during the more than twenty years that have elapsed since the judgment in the prior action, the ditch has been obstructed through neglect, and the levee has deteriorated so as not to operate effectively, thus changing again the flow of surface water and creating new conditions. Because the flow of the water has substantially changed since that judgment was rendered, we hold that there is a lack of subject matter identity for the prior judgment to be res judicata of this suit. Although there may be similarity of subject matter insofar as both suits concerned the alleged divergence of the natural flow of surface waters between adjacent landowners, it does not follow that the prior judgment is res judicata to the present case because of facts occurring in the intervening years which may alter the rights of the parties.

■ Neither is the doctrine of collateral estoppel applicable. That doctrine is properly asserted where the present cause of action is different from a prior suit between the same parties, but where one or more of the issues presented for litigation in the second suit had been previously litigated and determined. *Kirby Lumber Corp. v. Southern Lumber Co.,* 145 Tex. 151, 196 S.W.2d 387, 388 (1946) (per Alexander, C. J.); *See* 2 McDonald, Tex.Civ.Practice, § 7:43 at 274 (1970).

■ Even though the jury found in the previous case that Franklin had diverted the natural flow of the surface water, the previous judgment does not establish that such diversion was permanent or that it was taking place at the time the present litigation began. Consequently, that finding in the previous litigation does not bar Franklin's present actions for damages and for injunctive relief resulting from Rainey's diversion of surface water across Franklin's land. Thus, Franklin is not estopped by the issues determined in the prior suit. As the supreme court stated in *City of Lubbock v. Stubbs,* 160 Tex. 111, 327 S.W.2d 411, 414 (1959):

> Estoppel by judgment extends only to facts in issue *as they existed at the time the judgment was rendered,* and does not prevent a re-examination of the same question between the same parties, *where, in the interval, the facts have changed,* or new facts have occurred which may alter the legal rights or relations of the parties. See *Fort Worth Stockyards Co. v. Brown,* Tex.Civ.App., 161 S.W.2d 549. [Emphasis added]

Reversed and remanded.