TEXAS EMPLOYER'S INSURANCE ASSOCIATION, Appellant,

v.

Mariana TOBIAS, Appellee.

No. 5576.

Court of Civil Appeals of Texas, Eastland.

April 2, 1981.

Rehearing Denied April 23, 1981.

John G. Lewis, Groce, Locke & Hebdon, San Antonio, for appellant.

Claxton B. Seely, San Antonio, for appellee.

DICKENSON, Justice.

The issue in this worker's compensation case is whether a widow's claim for benefits

is barred by her first lawyer's failure to timely file the claim, or if an exception to the general rule should be created since the lawyer was subsequently suspended from the practice of law for two years for professional incompetence.

The controlling facts are not disputed. The worker, Frutosa Tobias, was killed on February 11, 1976, while working for H. B. Zachry Company. He was survived by his wife, Mariana Tobias, and six children. The three minor children were awarded one-half of the statutory death benefits, and that portion of the trial court's judgment has not been appealed. The Defendant, Texas Employers' Insurance Association, stipulated that the worker was killed in the course of his employment and that the maximum compensation rate is applicable. The jury found that the widow believed that her claim was timely filed with the Industrial Accident Board and that such belief caused her to delay filing and was good cause for her delay in filing. Judgment was rendered on the verdict for the widow and her minor children. Defendant appeals that portion of the judgment which awarded benefits to the widow. We affirm the judgment as to the minor children's benefits, but we reverse and render judgment that the widow take nothing.

The widow testified that Jose Olivares, a San Antonio lawyer, came to her home about a week after her husband's funeral. She signed some papers and authorized him to represent her. That was the only time she ever saw him. Subsequently she tried numerous times without success to reach him by telephone. She went to his office once to see him, but he never showed up. She went to her present lawyer on January 20, 1977, and her claim for death benefits was promptly filed with the Industrial Accident Board. On cross-examination she agreed that she understood everything that Mr. Olivares was explaining to her and that she gave him written authorization to file her claim for compensation. During the 11 months thereafter, she always felt that Mr. Olivares was representing her and that he was her attorney. She never fired him.

She was relying on Mr. Olivares to do whatever was necessary.

The State Bar of Texas filed a disbarment suit against Jose Olivares in April of 1977, but he was a licensed and practicing lawyer when he was employed by Mrs. Tobias and until the disbarment suit was tried in 1978. The jury in the disbarment suit found that Olivares was not professionally competent to handle a trespass to try title suit in which he had accepted employment and that he did not competently handle a revocation of probation matter in which he had accepted employment. Olivares was not disbarred, but he was suspended from the practice of law for two years, beginning in March of 1978.

The general rule was stated in *Texas Employers' Insurance Association v. Wermske*, 162 Tex. 540, 349 S.W.2d 90, at 95 (1961):

> (A)n attorney employed to prosecute a claim for workmen's compensation is the agent of the client, and his action or nonaction within the scope of his employment or agency is attributable to the client.

See also, e. g., *St. Paul Fire & Marine Insurance Company v. Lake Livingston Properties, Inc.*, 546 S.W.2d 404 (Tex.Civ. App.—Beaumont 1977, writ ref'd n. r. e.); *Texas Employers' Insurance Association v. Dickson*, 489 S.W.2d 655 (Tex.Civ.App.—El Paso 1972, writ ref'd n. r. e.); *Villarreal v. Aetna Insurance Company*, 465 S.W.2d 797 (Tex.Civ.App.—San Antonio 1971, no writ); *Nunnery v. Texas Casualty Insurance Company*, 362 S.W.2d 865 (Tex.Civ.App.—Austin 1962, no writ).

The widow and her present lawyer urge us to create an exception to the general rule. They contend the first lawyer was not merely negligent, but was also professionally incompetent. However, at the time he was hired by the widow, and at all times material to this lawsuit, Jose Olivares was a licensed attorney. There are no jury findings in this case that Jose Olivares was professionally incompetent to handle worker's compensation claims during the period in which he represented Mrs. Tobias. Believing that this case is governed by the

rule stated in *Wermske*, supra, we hold that Mrs. Tobias' claim is barred by Tex.Rev.Civ. Stat.Ann. art. 8307 § 4a (Vernon 1967) since her claim was not filed within six months after the worker's death. She is not entirely without remedy, for she may proceed against Jose Olivares for recovery of the benefits to which she would have been entitled. Under the Supreme Court's recent holding in *DeBakey v. Staggs*, Tex., 612 S.W.2d 924 (1981), she may also seek damages under the Deceptive Trade Practice-Consumer Protection Act, Tex.Bus. &Com.Code Ann. § 17.41 et seq. (Vernon Supp.1980).

We sustain Points of Error One[1] and Three,[2] and we need not discuss the other points of error.

That portion of the trial court's judgment awarding benefits to the worker's minor children is affirmed. That portion of the judgment awarding benefits to the widow is reversed, and we render judgment that Mariana Tobias take nothing against Texas Employers' Insurance Association.

---

1. Point One: "The trial court erred in rendering judgment for plaintiff because the fault of the plaintiff's attorney in failing to timely file a claim for compensation is imputed to the plaintiff and, as a matter of law, does not constitute good cause for the late filing of the claim."

2. Point Three: "The trial court erred in rendering judgment that upon the termination of the eligibility of the last remaining child to receive compensation benefits, said child's portion of the benefits will revert to and be paid to plaintiff until her death or remarriage."