TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellant,

v.

Mariana TOBIAS, et al., Appellees.

No. 04–82–00127–CV.

Court of Appeals of Texas,
San Antonio.

May 18, 1983.

On Motion for Rehearing En Banc
Sept. 7, 1983.

Thomas Crofts, Jr., Groce, Locke & Hebdon, H. Jack Pytel, Jr., San Antonio, for appellant.

Claxton Seely, San Antonio, for appellees.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a judgment in a worker's compensation case. The trial court rendered judgment for the children of the deceased employee for the maximum amount of $70.00 per week with a reversionary interest to Mrs. Tobias, the surviving wife.

The worker, Frutoso Tobias, was killed on February 11, 1976, while working for H.B. Zachry Company. He was survived by his wife, Mariana Tobias, and six children. It appears that appellant had previously filed suit (cause number 77–CI–17189) contesting the final award of the Industrial Accident Board, rendered November 1, 1977, awarding Worker's Compensation death benefits. The trial court granted summary judgment for the three (3) minor children, awarding compensation in the sum of $35.00 per week. The surviving wife's cause of action was disputed, and a judgment in her favor was appealed on the issue of good cause for late filing. It is apparent Texas Employers' Insurance Association only appealed that portion of the judgment which awarded benefits to the widow. *Texas Employer's Insurance Association v. Tobias,* 614 S.W.2d 901 (Tex.Civ.App.—Eastland 1981, writ dism'd). The appellate court reversed, ordering that Mrs. Tobias take nothing. In the instant case, the minor children filed suit seeking the full statutory compensation benefits. Mrs. Tobias was allowed to join in this suit, seeking a reversionary interest in the additional death benefits upon the termination of eligibility of the last eligible child. The trial court rendered judgment for the minor children for the maximum amount of $70.00 per week with a reversionary interest to Mrs. Tobias. It is undisputed that $70.00 per week was the applicable compensation rate in effect at the time of the death of the worker.

Appellant advances four points of error contending that the children's claim to additional death benefits and Mrs. Tobias's claim for a reversionary interest are barred

by *res judicata.* The third and fourth points assert that appellees did not meet the jurisdictional requirements for bringing a compensation suit in the district court and that the minor children are not entitled to $70.00 per week future death benefits.

The record reflects that the trial court, by agreement of the parties, granted summary judgment in the first case (77–CI–17189), on February 13, 1979, in favor of the minor children and granted to them one-half of the death benefits, pro-rata. Thus, the minor children were severed out of the case. In *City of Houston v. Socony Mobil Oil Co., Inc.,* 421 S.W.2d 427 (Tex. Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.) the court held:

> It is the clear purport of this rule [TEX.R.CIV.P. 166–A] to make the issues determined on the motion for summary judgment final. Once an interlocutory summary judgment is entered, the issues decided cannot be further litigated unless the judgment is set aside by the trial court, or unless summary judgment is reversed on appeal.

*Id.* at 430. The 1977 lawsuit went to trial before a jury on September 10, 1979, with only Mrs. Tobias, the surviving wife, as a party plaintiff seeking to recover the remaining one-half of the statutory compensation benefits. The minor children were no longer parties to the suit, or witnesses, nor did they have any issue or interest involved in the case.

■ The elements of *res judicata* consist of (1) identity of the thing sued for, (2) identity of the cause of action, and (3) identity of the persons and parties of the action. *Lozano v. Patrician Movement,* 483 S.W.2d 369, 371 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.). *See also Franklin v. Rainey,* 556 S.W.2d 583, 585 (Tex.Civ.App.—Dallas 1977), reiterating that the doctrine of *res judicata* applies where there is an identity of parties, issues, subject matter, relief sought and cause of action. The minor children's cause of action was not litigated nor decided in the first case nor could it have been. If the minor children had an interest in the re-

maining one-half of the statutory workers' compensation death benefits, that interest did not accrue until Mrs. Tobias, their natural mother and the surviving wife, was judicially declared ineligible. We do not accept appellant's contention that the minor children were parties to the first case, for as the appellate court stated, "Defendant only appeals that portion of the judgment which awarded benefits to the widow." *Texas Employers Insurance Association v. Tobias, supra* at 902.

■ The long established *res judicata* rule in this State requires that the issue involved must be in existence and not merely prospective. *See Moore v. Snowball,* 98 Tex. 16, 81 S.W. 5 (Tex.1904). Justice Calvert, speaking for the Supreme Court in *Cowling v. Colligan,* 158 Tex. 458, 312 S.W.2d 943, 947 (1958), held that a judgment is *res judicata* only in respect to present and not future conditions. *Accord, Griffin v. Holiday Inns of America,* 496 S.W.2d 535 (Tex.1973). Therefore, the question of the widow's ineligibility did not become viable until the appellate court's mandate was issued in the first case. The issue in the case at bar is the eligibility or right of the minor children to receive the remaining one-half of the statutory compensation death benefit. It is undisputed that the total statutory compensation death benefits in effect upon the death of the worker was $70.00 per week. A claim must be in existence at the time suit is filed, and cannot be merely prospective. *Cf. Gray v. Kirkland,* 550 S.W.2d 410, 411 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.) (no duty to file a counterclaim unless claim is mature). As to matters that arise subsequently, the prior judgment would not be *res judicata. Fort Worth Stockyards Co. v. Brown,* 161 S.W.2d 549, 555 (Tex.Civ.App.—Fort Worth 1942, no writ).

We do note that under TEX.REV.CIV. STAT.ANN. art. 8306, §§ 8, 8a (Vernon Supp.1982–1983), there is no provision which states that upon the ineligibility of the mother to receive benefits that her share of the benefits shall revert to the

minor children. In *Blankenship v. Highlands Insurance Co.*, 594 S.W.2d 147 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.), however, the court was confronted with the question of whether the minor children had a reversionary interest in the Workers' Compensation benefits payable to the widow after her remarriage. The court held that *although the statute does not have such a provision, the children are entitled to full statutory benefits so long as there is an eligible beneficiary remaining.* More recently in *Sunbelt Insurance Co. v. Childress*, 640 S.W.2d 356 (Tex.App. —Tyler 1982, no writ), the court awarded full death benefits to the surviving minor children when the widow and natural mother chose not to appeal from the board's award.

Further, the Supreme Court stated in *Freeman v. Texas Compensation Insurance Co.*, 603 S.W.2d 186, 190 (Tex.1980) that death benefits vest or become vested as of the date of the worker's death. Thus, the minor children were eligible beneficiaries as of the date of death of their father and, in fact, the appellant agreed to have a partial summary judgment entered in their favor. *Freeman, supra,* states in part:

> The amount of weekly benefits initially required to be paid by the insurance carrier is controlled by section 8(a). Section 8(b) deals with various contingencies affecting the duration of time for which the surviving spouse, children, or other beneficiaries remain eligible. Section 8(b) does not limit the amount, as distinguished from the duration as to specific beneficiaries, of the carrier's liability for weekly payments. The weekly amount of compensation benefits is controlled solely by Section 8(a). *The eligibility of various beneficiaries may change, but the overall amount is unaffected.* There is no language in the statute to indicate that the carrier's weekly liability, once established by section 8(a), is to be modified as *long as there are eligible beneficiaries.* It is therefore apparent that *redistribution of benefits rather than a partial discharge of liability was intended by the legislature.* Redis-

tribution is necessary to effect the requirement that the carrier 'shall pay the legal beneficiaries' a weekly payment of a specified amount.

> \*　　\*　　\*　　\*　　\*　　\*

> [L]anguage in the statute that clearly indicates a legislative intent that *upon ineligibility of any beneficiary, the share of benefits previously paid to that beneficiary must be redistributed to the remaining eligible beneficiaries.* [Emphasis ours.]

*Id.* at 189–90. *See Blankenship v. Highlands Insurance Co., supra.*

▉ It thus clearly appears that the minor children's cause of action in the instant case for redistribution of benefits did not accrue until Mrs. Tobias was judicially declared ineligible. Further, Mrs. Tobias's reversionary interest will accrue when the last minor child becomes ineligible. Hence, we hold the claims are not barred by *res judicata.* Points of error one and two are overruled.

▉ Appellant's next contention asserts that the trial court did not have jurisdiction of this cause. We do not agree. The judgment in the case at bar recites in pertinent part as follows:

> It was further found by the Court that in Cause Number 77–CI–17189 styled Mariana Tobias, widow, Sandra Ann Tobias, Eduardo Tobias and Patricia Tobias, minor children and independent claimants and sole beneficiaries of the deceased Frutoso Hernandez Tobias, Employee, Deceased v. Texas Employers' Insurance Association, that the aforesaid minors were granted benefits by means of a partial summary judgment granted therein and *said findings and rulings incorporated therein are incorporated and adopted herein the same as if set herein verbatim....* [Emphasis ours.]

The partial summary judgment in cause number 77–CI–17189 recites in pertinent part as follows:

> [I]t appearing to the Court *that the Industrial Accident Board has hereto-*

*fore made its final ruling and award* of said claim for compensation and it further appearing to the court that an *appeal was duly perfected giving this Court jurisdiction over the parties and the subject matter....* [Emphasis ours.]

Additionally, we find that appellant approved as to form the partial summary judgment.

Secondly, the appellate court, in the appeal of the first case, affirmed the partial summary judgment for the minor children, in effect sustaining jurisdiction. *Texas Employer's Insurance Association v. Tobias, supra.* We further find that appellant did not file a plea to the jurisdiction pursuant to TEX.R.CIV.P. 93. *See Law Offices of Yarborough & Pope, Inc. v. National Automobile & Casualty Insurance Co.,* 548 S.W.2d 462 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.). The record reflects that the Industrial Accident Board rendered the final award on November 1, 1977; thereafter, on December 6, 1977, appellant filed plaintiff's original petition in the 37th District Court of Bexar County, which constituted an appeal from the final award of the Industrial Accident Board, and which invoked the jurisdiction of the district court.

Appellant's submitted authorities have reference to direct appeals from awards or decisions of the Industrial Accident Board. Here, however, the Industrial Accident Board rendered its final award of compensation death benefits to the minor children and thereafter *appellant* appealed the Board's final award, divesting the board of any further jurisdiction in this case. In *Texas Employers Insurance Association v. Kennedy,* 135 Tex. 486, 143 S.W.2d 583 (1940), an employee brought suit to set aside a compromise settlement agreement approved by the Industrial Accident Board. The Court stated:

When that agreement was entered into and approved the Industrial Accident Board lost its jurisdiction to consider any claim in this case... Certainly the plaintiff would not be required to do the use-less thing of filing a claim *with a board which had no jurisdiction to consider* and pass upon same. [Emphasis ours.]

*Id.* at 586. In this case, appellees' claim was for redistribution of benefits under the Board's final award and was properly before the district court for decision.

The Industrial Accident Board, under the provisions of TEX.REV.CIV. STAT.ANN. art. 8306, § 12d (Vernon 1967), may review any award or order upon a showing of a change of condition, mistake or fraud; however, the board has no authority to set aside a compromise settlement agreement. *See Luersen v. Transamerica Insurance Co.,* 550 S.W.2d 171, 173 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.), where the court held that:

The power of the courts to set aside a compromise settlement agreement for fraud or mistake stems not from the Workmen's Compensation Law but instead from the Constitution and general statutes defining the courts' jurisdiction. Whenever a party to a compromise settlement agreement claims to have been induced to execute the agreement through fraud or mistake, the court is the only forum to which he may resort.

Consequently, if the Board has no power to set aside a compromise settlement agreement, then it has no power to redistribute compensation benefits that accrued to remaining eligible beneficiaries upon the ineligibility of other beneficiaries because of death, remarriage or other occurrence. This type of lawsuit is in the nature of a declaratory judgment action where the district court's function is to redistribute *vested* compensation benefits pursuant to the pronouncement of the Supreme Court in the *Freeman* case, *supra.* In *Gentry v. Travelers Insurance Co.,* 459 S.W.2d 709 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.) the court held that article 8306, section 12d, which permits review and correction of the awards of Industrial Accident Board when there has been a change in workman's physical condition since the prior award, is not applicable where death benefits are involved. *Id.* at 712. The case

at bar also involves death benefits, and we interpret the *Gentry* decision, *supra*, to mean that the board has no power or authority to review a redistribution of death compensation benefits to the minor children herein. Thus, as stated in *Texas Employers Insurance Association v. Kennedy, supra,* the minor children herein should not be required to do the useless thing of going to a board that had lost jurisdiction.

In this case, neither party requested findings of fact and conclusions of law, nor were they filed by the trial court. Therefore, we are bound by the standard of review prescribed by the Supreme Court in *Goodyear Tire & Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916, 918 (Tex.1978):

> [W]here no findings of fact or conclusions of law are requested or filed, the trial court's judgment implies all necessary fact findings in support of the judgment. In reviewing the record to determine if any evidence supports the judgment and concomitant implied findings, it is proper to consider only the evidence favorable to the issue and to disregard all evidence or inferences to the contrary. [Citations omitted.]

Having reviewed this record and considering only the inferences and implied findings favorable to the trial court judgment, we conclude that the only proper forum was the district court. Point of error number three is overruled.

Point of error number four has merit, and the judgment will be accordingly reformed.

Lastly, appellees bring a crosspoint urging that attorney's fees be awarded in lump sum. It has been held by the Supreme Court that since the legislature has not restricted the trial court in the handling of attorney's fees, a trial court has the power and the discretion to order a lump sum payment of attorney's fees by the insurance company. *See Texas Employers Insurance Association v. Motley,* 491 S.W.2d 395, 396–97 (Tex.1973). More recently an appellate court approved an award of lump sum attorney's fee in a death case arising under article 8306, section 8(d). *See Texas General Indemnity Co. v. Dougharty,* 606 S.W.2d 725, 729 (Tex.Civ.App.—Beaumont 1980, no writ); *Texas Employers Insurance Association v. Miller,* 596 S.W.2d 621, 626–27 (Tex.Civ.App.—Waco 1980, no writ).

The court's judgment ordered attorney's fees to the attorneys for the appellees for "all accrued and weekly compensation benefits paid and to be paid to said beneficiaries." It therefore appears it was the intent of the trial court to award attorney's fees in a lump sum, and since no findings of facts or conclusions of law have been filed or requested, this is the manner in which we view the judgment. Further, the judgment provides, as is specified in article 8306, section 8(c), *supra,* that upon the termination of the eligibility of the last child to receive compensation benefits, such benefits shall be paid to the surviving spouse.

We thus conclude from the undisputed evidence that compensation benefits at the rate of $70.00 per week was the applicable compensation rate in effect at the time of the death of the worker, and, further, that the trial court correctly awarded to the minor children the remaining one-half of the benefits, to-wit: the remaining benefits of $35.00 per week, undistributed as a result of the judicial ineligibility of Mrs. Tobias, thus making the minor children eligible to receive a total of $70.00 per week compensation benefits. We further approve the trial court's judgment providing that the $70.00 per week compensation benefits shall be paid to the minor children until the last child shall become ineligible, and that thereafter the $70.00 per week compensation benefits shall revert and be paid to the surviving widow, Mariana Tobias, in compliance with article 8306, section 8(c), *supra.* The judgment will be reformed so as to clarify that the trial court awarded the minor children a total of $70.00 per week compensation benefits, and not in addition to the previously awarded $35.00 per week (point of error four), and to grant attorney's fees in a lump sum computed to

include the life expectancy of the widow, Mariana Tobias.

The judgment is affirmed as reformed.

## ON MOTION FOR REHEARING EN BANC

Upon motion for rehearing, appellant complains, among other things, that we erroneously considered appellees' cross-point regarding the award of attorney's fees. Having concluded that the original opinion was subject to such criticism, we grant appellant's motion as to the lump sum award of attorney's fees. In all other things, the motion for rehearing is denied.

■ On original submission, appellees urged by cross-point that attorney's fees be awarded in lump sum. As pointed out by appellant in its motion for rehearing, the cross-point is not properly before this Court. There are neither pleadings nor evidence to support a lump sum award of attorney's fees. Further, appellees failed to inform the trial court of their dissatisfaction with the judgment. *See Payne v. Lucas,* 517 S.W.2d 602, 608 (Tex.Civ.App.— Houston [1st Dist.] 1974, writ ref'd n.r.e.). Any objection to the trial court's judgment regarding attorney's fees has not been properly preserved for our review, therefore appellees' cross-point is overruled.

As stated in our original opinion, the judgment will be reformed so as to clarify that the trial court awarded the minor children a total of $70.00 per week compensation benefits, and not in addition to the previously awarded $35.00 per week (point of error four).

The judgment is affirmed as reformed.