**TEXAS EMPLOYERS INSURANCE
ASSOCIATION, Appellant,**

v.

**Mariana TOBIAS, Appellee.**

No. 04–85–00058–CV.

Court of Appeals of Texas,
San Antonio.

March 5, 1986.
Rehearing Denied Nov. 25, 1987.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellant.

Claxton B. Seely, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CANTU, JJ.

## OPINION

PER CURIAM.

This is an appeal from an order denying Texas Employers Insurance Association's (TEIA) application for writ of injunction and petition for bill of review and granting Mariana Tobias' application for writ of execution against TEIA in satisfaction of a judgment obtained by Tobias against TEIA in *Texas Employers Insurance Association v. Tobias*, 669 S.W.2d 742 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

In response to Tobias' application for writ of execution TEIA sought an injunction against the enforcement of that judgment arguing that the portion of the judgment awarding a reversion to Tobias is void and unenforceable because it awards compensation for a claim which had not matured and was therefore not in existence at the time judgment was rendered.

Initially, Mrs. Tobias sought worker's compensation benefits for herself and her 3 minor children. TEIA defended against the claim, arguing that Mrs. Tobias was not entitled to recover because she had delayed too long in asserting her claim. The jury found good cause for Mrs. Tobias' delay in filing her claim. The trial court

granted a summary judgment as to the children's claim and awarded them one-half of the benefits and, pursuant to the jury's finding, awarded the other half of the benefits to Mrs. Tobias. The court further ordered that the children's share of the benefits would revert to Mrs. Tobias when all of her children became ineligible. The trial court's order awarding Mrs. Tobias one-half of the benefits and the reversionary benefits was reversed on appeal because the court of appeals held that no good cause for late filing was shown. *Texas Employers Insurance Association*, 614 S.W.2d 901, 903 (Tex.Civ.App.—Eastland 1981, writ dism'd).

In a subsequent suit, the minor children attempted to claim benefits denied to Mrs. Tobias in the prior litigation. Mrs. Tobias joined in the suit, claiming entitlement to the reversion benefits. The trial court rendered judgment in favor of the minor children and granted Mrs. Tobias a reversionary interest in the compensation benefits upon the ineligibility of the last minor child. On appeal, TEIA argued that the doctrine of res judicata barred Mrs. Tobias from relitigating her entitlement to reversionary benefits denied in her initial lawsuit. This Court disagreed with the Eastland opinion and ruled that the prior litigation did not bar Mrs. Tobias from reasserting her claim to the reversion because that claim was not yet mature at the time of the prior judgment. *Texas Employers Insurance Association v. Tobias*, 669 S.W.2d 742, 745 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

■ Applying the same logic, TEIA now argues that res judicata should not bar yet another lawsuit contesting Mrs. Tobias' entitlement to the reversionary benefits awarded to her in the second suit. TEIA contends that if the interest in reversionary benefits did not vest until all of the children became ineligible then Mrs. Tobias was no more entitled to receive an award of reversionary benefits at the time of the second judgment than she had been at the time of the first judgment.

We are constrained to admit that this Court's previous holding which allowed Mrs. Tobias to relitigate her claim for reversionary benefits was erroneous.

The question of Mrs. Tobias' right to reversionary benefits was clearly once before resolved against her by the Eastland Court, and having been so, further litigation of the issue should have been barred by *res judicata*. That opinion and its judgment were nevertheless approved as being without error by our Supreme Court.

And while we might be inclined to now disapprove it or even overrule it, the judgment emanating therefrom is now a final judgment and is itself subject to a claim of *res judicata*. *Segrest v. Segrest*, 649 S.W. 2d 610 (Tex.1983); *Trahan v. Trahan*, 626 S.W.2d 485 (Tex.1981).

■ Alternatively, TEIA asserts that even if the Court of Appeal's prior holding that res judicata did not bar Mrs. Tobias' claim was incorrect, it is the law of the case, and thus should be given effect in this proceeding. We cannot agree. The law of the case doctrine does not apply in circumstances where a prior ruling is clearly erroneous. *Barrows v. Ezer*, 624 S.W.2d 613 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

■ Finally, TEIA argues that this Court's prior judgment awarding reversionary benefits to Mrs. Tobias should be declared void because that judgment is unintelligible. We disagree. It is not the judgment in the prior case that is unintelligible. Rather, it is the opinion in which this Court attempts to justify the trial court judgment which is illogical and inconsistent. While we agree that an unintelligible judgment must be set aside, we know of no authority which enables this Court to declare a prior opinion void for unintelligibility. This Court's prior opinion is not void, it is simply wrong. But erroneous or not, *res judicata* prohibits its reconsideration. The trial court did not err in refusing TEIA the relief it sought.

■ Appellee Tobias cross-appeals seeking to modify this Court's previous holding denying lump sum attorney's fees. We may not consider this point on appeal because, like TEIA's claim, this issue has

been previously litigated and a final judgment has been rendered. *Texas Employers Insurance Association v. Tobias,* 669 S.W.2d 742, 748 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). Accordingly, Tobias' claim for lump sum attorney's fees is denied.

Tobias also urges this Court to assess a ten percent (10%) penalty as provided by TEX.R.CIV.P. 438, when appeals are taken for purposes of delay. We do not find that this appeal was taken in bad faith or for purposes of delay, and decline to assess the requested penalty.

The judgment of the trial court is affirmed.