George **HERNANDEZ and Del Ray Chemical, Inc., Appellants,**

v.

**DEL RAY CHEMICAL INTERNATIONAL, INC., Appellee.**

No. 14–98–01217–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 21, 2001.

---

**5.** Davis did not request judgment in the    amount of $10,000, in the alternative.

Marcus E. Faubion, Houston, for appellants.

Robert D. Clements, Jr., La–Sean M. Caselberry, Alvin, for appellee.

Panel consists of Justices SEARS, LEE and ANDELL.*

## OPINION

SEARS, Justice (Assigned).

Del Ray Chemical International, Inc. ("International") sued its majority shareholder, George Hernandez, and his wholly owned company, Del Ray Chemical, Inc. (Chemical) for appropriating assets belonging to International. In this appeal, the only question we must decide is whether International's claims are barred by the doctrine of res judicata. Because we find that the assets at issue in this appeal, a promissory note and realty, were not previously the subject of litigation between the parties, we affirm the judgment of the trial court.

## BACKGROUND

George Hernandez is International's majority shareholder, owning fifty-two percent of the shares. International also has two minority shareholders, James Dahlenburg, who owns forty-five percent of the shares, and Betty Leal, who owns three percent of the shares. In August 1984, International terminated Dahlenburg's employment with the company because it believed that he founded a competing business. After Dahlenburg's termination, Hernandez began transferring International's assets to a similarly-named company, Del Ray Chemical, Inc. He is the sole shareholder of Del Ray Chemical, Inc.

### The First Lawsuit

In 1984, International, acting through its president, Hernandez, sued Dahlenburg for breach of a non-compete agreement. In 1986, Dahlenburg and his wife filed a counterclaim against Hernandez, International, and Del Ray Chemical. As a stockholder, Dahlenburg also sued for Hernandez's breach of fiduciary duty to International in transferring the assets of International to Del Ray Chemical. In 1989, the case was dismissed for want of prosecution and then reinstated.

In June 1990, a jury found Hernandez had violated his fiduciary duty to International in the following ways: (1) by paying excessive sums to himself for reimbursement of expenses he did not actually incur; (2) paying for his personal expenses with International's funds; (3) by submitting false invoices to customers so that funds would be paid directly to him and would not appear on corporate books; (4) by transferring assets and customers of International into Del Ray Chemical, Inc. for less than full and fair consideration. Although the jury verdict favored Dahlenburg, the trial court denied a judgment for wrongful transfer of International's assets because Dahlenburg failed to sue on behalf of the corporation. Finally, the portion of the judgment awarding damages to Dahlenburg individually was reversed and rendered in March 1993 by the court of appeals.[1]

### The Second Lawsuit

In September or October 1992, over two years after the jury's verdict in the first lawsuit, Hernandez transferred International's corporate realty first to himself and then to Del Ray Chemical. Unaware of this transaction, Dahlenburg heard a

---

\* Senior Justices Ross A. Sears, Norman R. Lee and Former Justice Eric Andell sitting by assignment.

1. *Del Ray Chem. Int'l, Inc. v. Dahlenburg*, No. 06–91–039–CV, (Tex.App.—Texarkana 1992, no writ) (not designated for publication). This opinion does not appear in the record. However, it apparently held that the trial court had untimely and thus erroneously reinstated the case after it had been dismissed for want of prosecution.

rumor in 1994 that Hernandez was trying to remove the realty from International. Because of this rumor, Dahlenburg drove by the property and noticed that a different type of business seemed to be operating there. On November 23, 1994, a short time after his drive past the property, he initiated this lawsuit and filed a lis pendens. Nonetheless, on December 2, 1994, Del Ray Chemical, through its president, Hernandez, sold the property to a third party, who had been renting it for a short time.

In this lawsuit, Dahlenburg—this time on behalf of International—sued Hernandez, Del Ray Chemical, and International. He alleged that Hernandez breached his fiduciary duties by fraudulently transferring International's realty and assets. In a bench trial, the trial court awarded $209,048.99, which was the amount of a promissory note that Hernandez made to International, but failed to repay. The court's judgment states that the prior lawsuit did not address the $209,048.99 promissory note. The $209,048.99 included the purchase of all International's assets, including the realty, which the trial court valued independently at $104,000. The trial court's judgment also states that the realty was not addressed in the first lawsuit. Lastly, the trial court also awarded $79,666.76 in prejudgment interest and $15,000 in attorney's fees.

## RES JUDICATA

■■■ In his sole issue, Hernandez and his new company, Del Ray Chemical, Inc., argue that the second suit is barred by the doctrine of res judicata. Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996). To establish application of res judicata, a party must show the following elements:

(1) a prior final judgment on the merits by a court of competent jurisdiction;

(2) identity of parties or those in privity with them;[2] and

(3) a second action based on the same claims as were raised or could have been raised in the first action.

*Id.; Sommers v. Concepcion,* 20 S.W.3d 27, 37 (Tex.App.—Houston [14th Dist.] 2000, pet. denied). Within the general doctrine of res judicata, there are two principal categories: (1) claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral estoppel). *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992).

■■■ Here, we are concerned only with claim preclusion. Claim preclusion prevents splitting of a cause of action. *Id.* at 629; *Jeanes v. Henderson,* 688 S.W.2d 100, 103 (Tex.1985). "The policies behind the doctrine reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Barr,* 837 S.W.2d at 629. "A determination of what constitutes the subject matter of a suit necessar-

**2.** We do not address in this case whether International is in privity with Dahlenburg such that claims brought by Dahlenburg individually in a previous lawsuit would bar International from bringing them in a later lawsuit. Generally people are not bound by a judgment in a suit to which they were not parties. The doctrine of res judicata creates an exception to this rule by forbidding a second suit arising out of the same subject matter of an earlier suit by those in privity with the parties to the original suit. *Amstadt,* 919 S.W.2d at 652–53. To determine whether subsequent plaintiffs are in privity with prior plaintiffs, we examine the interests the parties shared. *Id.* Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation. *Id.*

ily requires an examination of the factual basis of the claim or claims in the prior litigation. It also requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action. Any cause of action arising out of the same facts as the prior litigation should, if practicable, be litigated in the same lawsuit." *Id.* at 630.

■ Additionally, a judgment in one suit will not operate as res judicata to a subsequent suit on the same question between the same parties where, in the interval, the facts have changed, or new facts have occurred which may alter the legal rights or relations of the parties. *Marino v. State Farm Fire & Cas. Ins. Co.,* 787 S.W.2d 948, 949–50 (Tex.1990) (citing *City of Lubbock v. Stubbs,* 160 Tex. 111, 327 S.W.2d 411, 414 (1959)).

■ For res judicata to apply, a claim must be in existence at the time suit is filed, and cannot merely be of prospective anticipated claim. *See Cowling v. Colligan,* 158 Tex. 458, 312 S.W.2d 943, 947 (1958) (a judgment is res judicata "only of present and not future conditions."); *Moore v. Snowball,* 98 Tex. 16, 24–25, 81 S.W. 5, 7–8 (1904) ("[A] judgment is conclusive on the issues tendered by the plaintiff's complaint"). Thus, a judgment does not bar a subsequent action arising from the same set circumstances if the subsequent claim accrued after the original judgment. *Texas Employers' Ins. Ass'n v. Tobias,* 669 S.W.2d 742, 744 (Tex.App.— San Antonio 1983, writ ref'd n.r.e.); *see Loyd v. ECO Resources, Inc.,* 956 S.W.2d 110, 126 (Tex.App.—Houston [14th Dist.] 1997, no writ).

### The Corporate Realty

Hernandez and Del Ray Chemical argue that in the first suit, Dahlenburg sought damages for the wrongful transfer of International's assets. Thus, they reason that any claim for wrongful transfer of the corporate realty was or should have been raised in the first lawsuit. However, the trial court's findings of fact state that the corporate realty had not been transferred at the time of the first lawsuit. Instead, the trial court found that Hernandez and Del Ray Chemical did not transfer the realty until September or October 1992, which was two years after the jury verdict in the first trial. Lastly, the trial court found that Del Ray Chemical sold the property in December 1994 to a third party for $104,000.

■ Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). Unchallenged findings of fact are binding unless the contrary is established as a matter of law or there is no evidence to support the finding. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex.1986).

■ Hernandez and Del Ray Chemical do not challenge these findings, and they are thus bound by them. Accordingly, because the transfer of the property took place after the first trial, it was not a claim that was raised or that could have been raised in the first action. *See Amstadt,* 919 S.W.2d at 652; *Texas Employers' Ins. Ass'n,* 669 S.W.2d at 744. The trial court correctly found that International's claim for the value of the realty was not barred by res judicata.

### The Promissory Note

Similarly, the trial court's judgment states that the prior legal action did not include the promissory note, and the evidence supports this conclusion. Testimony showed that Hernandez did not reveal the existence of the promissory note until 1994 or 1995, during discovery in this lawsuit. Although the note required monthly payments over a five-year period, there is no evidence that a single payment was ever made. According to the trial court, Hernandez's actions amounted to "clear chicanery." Further, although the promissory note is dated September 1987,[3] final payment was not due until September 1992. By the terms of the note, failure to enforce the note upon default did not constitute a waiver of the right to exercise enforcement at any other time. Thus, the note could be enforced even at the end of the five-year payment period.

■ Under these facts, it is clear that the promissory note was not the subject of litigation in the first trial. Additionally, because Hernandez kept its existence a secret, no claim could have been made in the first suit to enforce the promissory note. *See Marino,* 787 S.W.2d at 949–50 (when facts have changed or new facts have occurred, res judicata does not apply). Consequently, the trial court's award of $209,048.99 to International under the terms of the promissory note was not barred by res judicata.

Accordingly, we overrule Hernandez and Del Ray Chemical's point of error and affirm the judgment of the trial court.

---

3. There is no notary or witness's signature to verify the date on the instrument.