Affirmed and Memorandum Opinion filed December 5, 2006








Affirmed and Memorandum Opinion filed December 5, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00004-CV

____________

 

CHARLES B. MALLIA, JR., Appellant

 

V.

 

VILLAGE PLACE COMMUNITY
ASSOCIATION, INC. AND CINDY YEGLIN, Appellees

 



 

On Appeal from the 165th
District Court

Harris County, Texas

Trial Court Cause No. 04-66870

 



 

M E M O RA N D U M   O P I N I O N

Appellant, Charles B. Mallia, Jr., appeals a summary
judgment granted in favor of Village Place Community Association and Cindy
Yeglin.  In twelve issues, appellant contends the trial court erred in granting
summary judgment based on res judicata and collateral estoppel.  We affirm.








Background

Mallia purchased property in the Lakeside Place subdivision
in February 1974.  In 1984, Mallia built a shed adjacent to his home on a
utility easement.  On February 17, 1998, Mallia executed a warranty deed
transferring the property to his sister, Anne Nigrelle.  On August 17, 1992,
Mallia executed a second warranty deed purporting to transfer the property to
Michael Nigrelle, his nephew.

In 2000, the Village Place Community Association (Athe Association@) sent notices to
Mallia and the Nigrelles that the shed violated applicable deed restrictions
requiring a property owner to seek approval from the subdivision=s architectural
control committee before constructing a building or improvement on the
property.  Mallia protested at a meeting of the Association=s board of
directors, contending that the shed was not new and was not in violation of the
deed restrictions.  The Association disagreed and ordered removal of the shed.

When Mallia and the Nigrelles refused to remove the shed,
the Association filed suit against them on July 24, 2001, seeking an injunction
ordering removal of the shed plus recovery of attorneys= fees and court
costs.  Mallia and the Nigrelles responded to the suit and asserted affirmative
defenses.  Mallia attempted to file a counterclaim asserting claims for
harassment, selective enforcement, breach of a restrictive covenant, and
declaratory judgment.  The Association moved to strike Mallia=s counterclaim on
the grounds that Mallia had failed to obtain leave of court to file the counterclaim
and had failed to serve the counterclaim on the Association.  During discovery
in the 2001 lawsuit, Mallia asserted that he did not own the property,
whereupon the Association learned of the two warranty deeds conveying the
property from Mallia to the Nigrelles.  








On the day of trial, despite having received proper notice,
the Nigrelles did not appear.  Mallia appeared and admitted to the court that
he had executed the warranty deeds to the Nigrelles.  He claimed to have done
so because he traveled frequently and wanted someone to manage the property
while he was away.  The trial court found that Mallia did not own the property
and granted the Association=s non-suit as to him.  The trial court granted
a post-answer default judgment against the Nigrelles, ordering them to remove
the shed and pay the Association=s attorneys= fees.  On
December 12, 2002, the First Court of Appeals affirmed the judgment of the
trial court.

Two years later, Mallia filed suit against the Association
and Cindy Yeglin, its property manager.  In the second suit, the subject of
this appeal, Mallia alleged that he had conveyed the property to his corporation
in 1974.  He admitted executing the warranty deeds to the Nigrelles in 1989 and
1992, but alleged that they had executed quitclaim deeds conveying the property
to him in 2002.  Mallia requested declaratory judgment that the 2002 judgment
requesting removal of the shed be set aside.  Mallia also asserted causes of
action for harassment, intentional infliction of emotional distress,
negligence, and civil conspiracy.  The Association filed a traditional motion
for summary judgment and a no-evidence motion alleging, among other things,
that Mallia=s second suit was prohibited by the doctrines of res
judicata and collateral estoppel.  The trial court granted summary judgment
without stating the basis for its ruling.

Standard of Review








Under the traditional standard for summary judgment, the
movant has the burden to show that no genuine issue of material fact exists and
that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c);  KPMG Peat
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  A no‑evidence motion for summary judgment is proper when there is
a complete absence of evidence of one or more essential elements of a claim or
defense on which an adverse party has the burden of proof at trial.  Tex. R. Civ. P. 166a(i);  Johnson v.
Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002).  When, as
here, a trial court=s order granting summary judgment does not
specify the grounds relied upon, we must affirm the summary judgment if any of
the summary judgment grounds are meritorious.  Oliphint v. Richards, 167
S.W.3d 513, 515B16 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied).

Res Judicata

The Association moved for summary judgment on the grounds
that the previous judgment ordering removal of the shed barred litigation of
the claims filed by Mallia in the second lawsuit.  In its motion, the
association relied on both res judicata and collateral estoppel.  Res judicata,
or claim preclusion, precludes relitigation of claims that have been finally
adjudicated or those arising out of the same subject matter that could have
been litigated in the prior action.  Barr v. Resolution Trust Corp., 837
S.W.2d 627, 628 (Tex. 1992).  Collateral estoppel, or issue preclusion,
prevents relitigation of particular issues already resolved in a prior suit.  Id. 
The Association=s argument, that all of Mallia=s claims were
either adjudicated or should have been adjudicated in the prior suit, is the
defense of claim preclusion or res judicata.  Res judicata requires proof of
the following elements: (1) a prior final judgment on the merits by a court of
competent jurisdiction; (2) identity of parties or those in privity with them;
and (3) a second action based on the same claims as were raised, or could have
been raised, in the first action.  Amstadt v. U.S. Brass Corp., 919
S.W.2d 644, 654 (Tex. 1996).  The questions presented in this case are whether
Mallia was in privity with the Nigrelles in the first suit, and whether the
second action filed by Mallia is based on the same claims as were raised or
could have been raised in the first action.

Privity








Generally, a person is not bound by a judgment in a suit to
which he was not a party.  Tex. Civ.
Prac. & Rem. Code Ann. ' 37.006(a).  The
doctrine of res judicata creates an exception to the rule by forbidding a
second suit arising out of the same subject matter of an earlier suit by those
in privity with the parties to the original suit.  Amstadt, 919 S.W.2d
at 652B53.  A person can
be in privity in at least three ways: (1) he can control an action even if he
is not a party to it; (2) his interests can be represented by a party to the
action; or (3) he can be a successor in interest, deriving his claim through a
party to the prior action.  Getty Oil Co. v. Insurance Co. of N. Am.,
845 S.W.2d 794, 800 (Tex. 1992).

To determine whether a subsequent plaintiff is in privity
with a prior party, we examine the interests the parties shared.  Hernandez
v. Del Ray Chemical Intern., Inc., 56 S.W.3d 112, 115 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).  Privity exists if the parties shared an identity of
interests in the basic legal right that is the subject of litigation.  Id. 
If the second plaintiff seeks to relitigate the matter that was the subject of
the earlier litigation, res judicata bars the suit even if the second plaintiff
does not allege causes of action identical to those asserted by the first.  Barr,
837 S.W.2d at 630.

Here, Mallia claims to now own the property on which the
shed sits.  In the prior litigation, he disavowed ownership of the property,
claiming that the Nigrelles or his corporation owned the property.  In claiming
ownership of the property in the current action, Mallia places himself as a
successor in interest to the Nigrelles.  APrivity, in this
connection, means the mutual or successive relationship to the same rights of
property; that is to say, all persons are privy to a judgment whose succession
to the rights of property therein adjudicated are derived through or under one
or the other of the parties to the action, and which accrued subsequent to the
commencement of the action.@  Kirby Lumber Corp. v. Southern Lumber
Co., 196 S.W.2d 387, 388 (Tex. 1946).  A person who acquires an interest in
the property involved in a lawsuit takes the interest subject to the parties= rights as finally
determined by the court.  Amstadt, 919 S.W.2d at 653.  








Summary judgment proof is to be viewed in the light most
favorable to the nonmovant, with all doubts resolved in favor of the
nonmovant.  Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548B49 (Tex.1985).  In
this case, the nonmovant, Mallia, produced summary judgment proof that he
acquired ownership of the property after the judgment in the first case was
signed.  Mallia, therefore, acquired the property subject to the judgment in
the first suit.  Because Mallia now claims ownership of the property through a quitclaim
deed from the Nigrelles, he is a successor in interest to the property.  As a
matter of law, Mallia was in privity with the Nigrelles.  See Amstadt,
919 S.W.2d at 653. 

Subject
Matter of Litigation

Res judicata prevents splitting a cause of action.  Barr,
837 S.W.2d at 629.  The policies behind the doctrine reflect the need to bring
all litigation to an end, prevent vexatious litigation, maintain stability of
court decisions, promote judicial economy, and prevent double recovery.  Welch
v. Hrabar, 110 S.W.3d 601, 609 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied).  Res judicata is final not only as to the matter
actually determined, but as to every other matter the parties might litigate in
the cause, and that might have been decided.  Van Dyke v. Boswell, O=Toole, Davis &
Pickering, 697 S.W.2d 381, 384 (Tex. 1985).  

In Barr v. Resolution Trust Corp., the Texas Supreme
Court adopted the transactional approach to res judicata.  In other words, a
subsequent suit is barred if it arises out of the same subject matter of a
previous suit, and which through the exercise of diligence could have been
litigated in a prior suit.  Barr, 837 S.W.2d 627.  A determination of
what constitutes the subject matter of a suit necessarily requires an
examination of the factual basis of the claim or claims in the prior
litigation.  The subject matter is to be determined by giving weight to such
considerations as whether the facts are related in time, space, origin, or
motivation, whether they form a convenient trial unit, and whether their
treatment as a trial unit conforms to the parties= expectations or
business understanding or usage.  Id. at 631.








In this case, there is no valid reason to subject the
Association to two lawsuits.  The issues Mallia attempts to raise in the second
lawsuit not only could have been raised in the first action, but they were
raised by Mallia.  The primary reason the issues were not determined was
because Mallia claimed not to own the property.  Having now changed his
position on ownership, Mallia cannot simply file a second lawsuit in an attempt
to get another Abite at the apple.@  Both suits arise
from the same set of facts, so that to permit the second suit to go forward
would frustrate the purpose of res judicata.  The trial court correctly granted
summary judgment in favor of the Association.  Because summary judgment is
appropriate on res judicata grounds, we need not address Mallia=s remaining
issues.

The judgment of the trial court is affirmed.

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 5, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Seymore.